JANE P. THURSTON *vs.* CITY OF PORTLAND.

*Title is proper to be considered in estimating land damages.*

Where, upon an appeal for land damages, occasioned by taking for a street land alleged to belong to the appellant, the parties agreed to "refer" the question of damages "to the following committee," naming them, and the clerk issued a rule to the persons named as referees, who without objection heard the parties, and made their report as follows : "That Jane P. Thurston, at the time of laying out, and establishing of Howard street, named in her appeal, did not own any portion of the land taken by said street and was not, and is not entitled to recover any damages from the city therefor :" it was *held*, that the title was a proper element for the consideration of the referees in estimating the damages claimed by the appellant ; and that she cannot now object that the persons to whom was submitted the determination of the question of damages, acted as referees, rather than as a committee.

ON EXCEPTIONS.

The claimant's appeal was referred by agreement of parties to Nathan Webb, Frederic Fox and Ezra Carter, who reported that she had no title to the land taken for public use. She objected to the report upon the ground that they were not authorized to pass upon the question of title. The court sustained the objection, and rejected the report, and the city excepted.

*Charles F. Libby*, city solicitor, for the appellees.

*J. O'Donnell*, for the appellant.

VIRGIN, J. The city council of the city of Portland located Howard street upon certain land claimed by the appellant, without awarding her any damages for the land thus taken; and thereupon she appealed, alleging that she feels "aggrieved by the refusal to award damages to her," and duly entered her appeal in this court. At the October term, 1871, the parties "referred the matter to a committee" mutually agreed upon. After a hearing, the committee at the succeeding October term made their report: "that Jane P. Thurston, at the time of laying out and establishing of Howard street, named in her appeal, did not own any por-

tion of the land taken by said street, and was not, and is not, entitled to recover any damages from the city of Portland therefor."

The appellant now contends that the report of the committee should be rejected, for the reason that the question of the appellant's title was not submitted to them.

So much of the city charter as regulates appeals in such cases, is as follows:

"Any person aggrieved by the decision or judgment of the city council in establishing, altering, or discontinuing streets, may, so far as relates to damages, appeal therefrom to the next court having jurisdiction thereof in the county of Cumberland, which court shall determine the same by a committee or reference under a rule of court, if the parties agree, or by a verdict of its jury, and shall render judgment and issue execution for the damages recovered," &c.

It will be noticed that the charter does not expressly authorize "the committee to decide upon the title of the appellant, so far as it respects damages," as do the R. S., c. 18, § 8, in cases of highways and town-ways in towns. But we do not perceive any good reason why the committee may not consider that question, so far as it respects damages without any express authority in the charter. Such a power has been in the general statute ever since the organization of the State. It is the foundation of the claim. "It is too plain to need argument, that one cannot be damnified by the location of a road over land in which he has no interest." *Minot* v. *Cumberland County Commissioners*, 28 Maine, 125.

The peculiar language of the parties whereby they agreed that the petition for damages may be "referred to the following committee," might well be construed by the clerk as an agreement that the question was to be determined by the persons named as "referees, instead of committee." There is no evidence that the respondent made any objection to the proceedings until the report was made, and came up for acceptance. *Exceptions sustained.*

*Report accepted.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.