## THE D., W. & P. R'Y CO. *vs.* CHURCH.

*(Supreme Court of Colorado, January 4, 1884—Appeal from the County Court of Jefferson County.)*

JURISDICTION OF COUNTY COURT—ACTION DISMISSED WHEN NOT WITHIN. The jurisdiction of the County Court is not determined absolutely by the allegations in the complaint of the amount involved; but when it has been ascertained in the progress of the case, by verdict or otherwise, that the amount involved exceeds the jurisdiction of the Court, the action should be dismissed at the costs of the plaintiff.

STONE, J.    The appellant filed its petition in the County Court of Jefferson county, praying a condemnation for right of way for its road through certain lands of the appellee, under the provisions of the statute in that behalf. In order to bring the proceedings within the limited jurisdiction of the Court, the petition contained the necessary averment that the amount of compensation and damages to be ascertained for the right of way aforesaid, would not exceed the sum of $2,-000.

A jury of freeholders, having been demanded by the appellee, was empanneled and sworn, and said jury having examined the premises, returned a finding and verdict into Court that the value of the land taken by the petitioner was $444.07½, and that the damages to the residue of the land was $2,700, amounting altogether to $3,144.07½, and that the benefit to the property, by reason of the construction of said road, was nothing.

Whereupon appellant moved that the verdict be set aside and a new trial granted. After argument and consideration of the motion, the Court set aside the verdict, refused a new trial, and dismissed the proceedings at the cost of the petitioner. From this judgment the petitioner appealed to this Court, and assigns for error, first, the refusal of proper testimony; second, the admission of improper testimony; third, the overruling the motion for new trial; and fourth, the dismissal of the cause and the judgment for costs against the appellant. The errors relating to the testimony we have no means of examining into, since no testimony whatever is presented in the abstract of the record, nor any exceptions thereto, nor rulings nor instructions of the Court thereon, nor is any question arising upon those assignments discussed in the briefs filed. The third and fourth grounds of error may be considered together.

It is insisted by counsel for appellant that the averments of the petition filed in the proceeding, presented a case within the jurisdiction of the Court, and that "the jurisdiction or power of the Court to hear and determine a cause, is invoked by the allegations of the petition, complaint or claim filed in the cause, and that it is the duty of the Court to hear and finally determine such cause in the exercise of the jurisdiction so acquired." The first part of this proposition is undoubtedly true, but the latter part is correct only as a general rule, and an exception to such rule is necessarily created, where, pending the proceedings prior to final judgment, some fact or matter arises judicially which discloses that the apparent jurisdiction of the Court, up to this time, no longer exists. This is illustrated in actions in justice's courts relating to real estate, where, when it is made to appear pending the proceeding, that the title or boundaries are in dispute, or that the value of the property in controversy is in excess of the jurisdiction of the Court, the proceedings are by statutory provision suspended, and the cause certified to the District Court. Or, take an action in replevin in a justice's or County Court; the plaintiff may, in his complaint, allege the value of the property to be within the jurisdiction of such Court; yet, if in the course of the proceedings it should appear that the actual value of the property, at the time the action was brought, was greater than the amount of which such Court had jurisdiction, this fact would operate to divest the Court of the apparent jurisdiction of the subject matter, which up to that stage of the case, had been rightfully assumed. Now, in these statutory proceedings for condemnation of land, for right of way, or other authorized purposes, while the value of the land to be taken can be estimated with approximate certainty before the commencement of the proceeding, the damages which are to be awarded, if found to accrue, are likely to be very differently estimated by the parties to the proceeding, and can be actually determined only by judicial ascertainment; this, together with the compensation for the land taken, being one of the main objects of the proceeding. In these cases the nominal plaintiff is, in a certain sense, the real defendant, who goes into Court to ask for an ascertainment and adjudication of how much he shall pay to the nominal defendant. And in such cases, the plain-

tiff, if he brings his proceeding in a Court of limited jurisdiction, takes the risk of an award which will oust the Court of jurisdiction to proceed further than such ascertainment.

It is contended by counsel for appellant, in the argument filed, that since the petition, when filed, disclosed a case within the jurisdiction of the Court, it was error to dismiss the case "upon extraneous matters outside the record;" and to avoid the effect of the verdict, which certainly became a part of the record as soon as entered, upon the rendition thereof, counsel further argue that, "upon setting aside the verdict, the jurisdiction of the Court became perfect and complete, as shown by the record, and it then became the duty of the Court, in the exercise of the jurisdiction averred in the petition, to grant a new trial, and hear and determine the cause."

This contention of counsel, while plausible as thus stated, we think is manifestly unsound. As appears by the record of the ruling of the Court upon the motion to set aside the verdict, and for new trial, and the judgment of dismissal, the verdict in this case was not set aside because it was a result of passion or prejudice of jurors, nor because the amount of damages and compensation awarded was larger than warranted by the evidence. On the contrary, the record expressly shows that the Court regarded the verdict as a reasonable determination of the amount to be awarded, and dismissed the action because the excess of jurisdiction was thereby disclosed, and the setting aside the verdict, for whatever reason it was done, as a prelude to the dismissal, did not avoid the jurisdictional fact disclosed by the recorded verdict. While this proceeding is a statutory one to afford a provisional remedy for a special purpose, the same principles must apply to it which are applicable to ordinary actions where the Court has judicially ascertained that it is without jurisdiction of the subject matter of the action. In such case, whether there is disclosed a want of such jurisdiction, *ab initio*, or whether the matter made to appear, operates as a divestiture of a jurisdiction rightfully acquired or assumed in the beginning, it is the duty of the Court to dismiss the action. The case of the *Louisville N. A. & Chicago R. R. Co.* v. *Johnson*, 67 Ind., 546, is analagous in principle. Suit was brought to recover the value of an animal killed by the cars of the railway company, under a statute which provided

that such actions should be brought in justice's courts unless the value of the animal exceeded $50, in which case they should be brought in the Court of Common Pleas or in the Circuit Court. The action was commenced in the Circuit Court upon a complaint alleging the value of the animal to be $60. The jury returned a verdict of $47 as the fair market value of the animal killed. A motion to dismiss was over-ruled, and upon appeal to the Supreme Court, it was held that the value of the animal, as a criterion of the jurisdiction of the Court, was to be determined not by the value alleged in the complaint upon which jurisdiction properly attached in the first instance, but by the real value as found by the Court or jury upon trial; and that therefore, when upon the trial the fact was judicially shown by the verdict, that the case was not within the jurisdiction of the Court, there was no authority to proceed further therein, but that the Court should have dis-missed it.

In the case at bar, the costs, upon dismissal, were properly taxed to the petitioner company, which brought the action in the County Court at its own risk, when it might have been brought and determined in the District Court, which has con-current and unlimited jurisdiction in such cases. There being no error in the judgment appealed from, it will be affirmed.

*Judgment affirmed.*

*Charles & Dillon,* for appellant.
*G. B. Reed,* for appellee.