G. B. & L. R'y Co. v. Haggart et al.

1. In proceedings to condemn a right of way for a railroad the title of one named in the petition as respondent to the land sought to be taken is admitted unless it is expressly denied, and the averment by respondent of title to property not covered by the petition will entitle him to damages in respect thereto, if such averment is not denied.

2. Eight hundred dollars held not an excessive award against a railroad company for taking a strip of land, about nine hundred feet in length, across two patented mill-sites, and a right of way over a lode claim.

*Appeal from County Court of Clear Creek County.*

Condemnation proceedings.

Messrs. Teller and Orahood, for appellant.

Mr. W. T. Hughes, for appellees.

Helm, J.  Petitioner sought to condemn, for the use of its railway, a strip of land about nine hundred feet in length, across two patented mill-sites; also the right of way over a certain lode claim. Its line touched the stream upon which the mill-sites are located, and, according to the evidence, its embankment would materially increase the expense of constructing dams necessary to operate machinery thereon.  In view of these facts, we are not prepared to say that $800 was an excessive award for the land actually taken, and the damages inflicted upon the remaining property.

The foregoing conclusion disposes of one proposition argued by counsel for appellant, leaving but a single question to be considered, viz., did the court err in refusing to charge the jury that, unless they found the title to a certain tunnel in respondents, they should assess no damages for injuries thereto?

Respondents Teal and Foster were made parties on motion of petitioner.  In their answer filed, they first disclaimed any interest in the mill-sites, and then admitted ownership of half the lode described by the peti-

tion. They also averred title to one-half of a certain tunnel and other workings. From the pleadings and evidence we may justly infer that the tunnel and workings mentioned were simply improvements upon the lode location described. In such case, injuries to them might be regarded as injuries to the realty. The jury either took this view, or they awarded nothing on account of interference with the usefulness of the tunnel; for, while the verdict itemizes the damages, and separately specifies the respective amounts allowed, it contains no reference to the tunnel. If the jury allowed nothing for interference with work upon the claim by means of the tunnel, the error, if error there were, in refusing the instruction, was without prejudice, and appellant cannot complain. If, on the other hand, the jury considered the inconvenience and extra expense occasioned by the railroad embankment, in prosecuting development through the tunnel, when estimating $100 as "damages resulting to the remainder of the lode claim," no error was committed; for the claim was described in the petition, and a right of way over the same was therein demanded.

We are of the opinion that when one files his petition naming a respondent, and seeking the condemnation of certain specified property, the petitioner thereby, in the absence of special averment to the contrary, admits such title in the respondent named as authorizes the assessment of full compensation for the taking of the premises described, or the injury thereto.

There is no doubt but that the question of ownership may become an issue in these proceedings. Such issue, however, must be properly presented by the pleadings. Respondents' averment of title to the tunnel was not denied, and for this reason also, even were the tunnel regarded as property not covered by the petition, we should hold that the court did not err in refusing the instruction asked. The judgment is affirmed.

*Affirmed.*