| 15 | 229 |
|----|-----|
| 22 | 240 |
| 6a | 56 |

| 13 | 229 |
|----|-----|
| 23 | 394 |

| 13 | 229 |
|----|-----|
| 12a | 296 |

## COLORADO CENT. R. CO. V. ALLEN.

1. STATUTORY RIGHTS — HOW ENFORCED.— Proceedings under the act of eminent domain are purely statutory, and the statute must be strictly pursued.

2. REQUISITES OF PETITION FOR CONDEMNATION OF LANDS — RESULT OF FAILURE TO OBSERVE SUBSTANTIAL REQUIREMENTS.— A petition for the condemnation of lands in the county court should show the value of the property sought to be taken or the amount involved in the proceeding; and, if the property belongs to a married woman, the husband must be joined as a party.   Where these substantial requisites are not complied with, such proceedings, based upon service by publication, are ineffectual to pass the title or any right or interest therein.

3. RIGHTS AND RESPONSIBILITIES OF MARRIED WOMEN — ESTOPPEL.— By the laws of Colorado a married woman, being emancipated from the thralldom of coverture, may do what she will with her own property, the same as any other individual.   Her enfranchisement brings to her corresponding responsibilities.   To the extent she is *sui juris* she is subject to the law of estoppel.

4. SAME — POWER TO CONVEY REAL ESTATE — HOW AFFECTED BY VOID CONDEMNATION PROCEEDINGS — INDEPENDENT CONTRACT.— Though, under the act of eminent domain, it is required that the husband shall be joined as a party when the wife's lands are sought to be taken without her consent, this does not preclude her from voluntarily conveying her property to any use, and at any time, the same as if she were sole.   Hence, where condemnation proceedings are wholly void, they are powerless to coerce her; and if, with notice of what is sought by such proceedings, she voluntarily accepts as compensation for her property a sum of money equal to the amount of a void award, she must be regarded as acting wholly independent of such proceedings, and she cannot thereafter recover possession of the premises, nor fur-

ther compensation for the taking. In such case she is bound by the taking and acceptance, but not by the proceedings.

5. DEFECTIVE APPLICATONS — RENEWAL — AMENDMENT.— Defective condemnation proceedings may be renewed, and the petition and other papers may be amended, whenever necessary to a fair trial and final determination of the controversy.

6. PLEADINGS AND PROOF — WHEN DEFENDANT'S TITLE WITHOUT EQUITY, DAMAGES NOMINAL.— The petitioner is at liberty to show, by proper pleadings and proof, the state of defendant's title, claim or interest, and that it is only a bare legal title, without any equity in defendant, and that the damages are merely nominal.

7. REJECTION OF MATERIAL EVIDENCE.— The fact that counsel, at the trial, advance a different theory, or assume inconsistent positions, in argument, does not justify the court in rejecting evidence offered in support of the pleading, and material to the issue. This court reviews a case upon the record, and not upon the theory of courts or counsel not in harmony with the record.

8. INTRODUCTION OF OUTSTANDING DEED IN NAME OF A STRANGER.— A petitioner cannot introduce in evidence an outstanding deed in one not a party to the proceeding, unless the same be averred in the petition in disparagement of the defendant's title or interest.

9. PRACTICE AT TRIAL — BURDEN OF PROOF AS TO VALUE AND DAMAGE.— The burden is upon the defendant to show the value of the property or interest actually taken, as well as damages, if any, to the residue; hence he is entitled to open and close at the trial.

10. MEASURE OF COMPENSATION.— The true and actual value of the property, or interest therein, belonging to the defendant at the time of the appraisement is the measure of compensation in condemnation proceedings in this state.

*Appeal from Larimer County Court.    On rehearing.*

Messrs. TELLER & ORAHOOD, for appellant.

Mr. A. H. DE FRANCE, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

In September, 1877, appellant filed in the county court its petition to condemn for railway purposes certain lands belonging to the defendant, Cora Allen, who was then a non-resident of the state. The petition contained no averment of the value of the lands sought to be taken, nor of the amount involved in the proceeding. An order

of publication was made, notice was published, and the defendant Cora, not appearing, was defaulted. Commissioners were thereupon appointed, who reported the compensation for her said lands to be $180. This report was filed and approved October 9, 1877, and no further proceedings against the said Cora appear of record for more than six years.

In April, 1884, the petitioner filed its motion for an entry of the rule as to said lands of the defendant Cora, alleging the payment of the $180, as aforesaid, for the ostensible purpose of becoming seized in fee of said lands according to the statute of eminent domain; but, without obtaining any ruling upon such motion, the petitioner on the same day filed its supplemental petition, referring to the original petition herein, and the proceedings had thereon, and asking that one James L. Allen, the husband of said Cora, might be summoned to show what right, title or interest he had, or claimed to have, in said lands. The said James, being summoned, demurred to said supplemental petition.

The said Cora also appeared, and moved the court to vacate and set aside all proceedings and orders, of every kind and nature whatsoever, taken or had in said cause or proceeding subsequent to the filing of the original petition, so far as the same related to her rights or property, on the ground that the court had never acquired jurisdiction over her person, and had never acquired jurisdiction of the subject-matter of said proceeding, and because the petition did not state facts sufficient to give said court jurisdiction. The demurrer does not appear to have been ruled on; but the motion was afterwards, upon argument, sustained, and thereupon the petitioner filed its amended petition.

On motion of said defendants, certain portions of this amended petition were stricken out, and, petitioner having filed amendments thereto, the defendants again demurred; but this demurrer was not ruled on, and again

petitioner, by leave of court, filed a second and further amended petition, which was in substance as follows:

" And. now comes said plaintiff, and files its second and further amended petition herein, as to and concerning the lands herein condemned as the property of said Cora Allen, and alleges: (1) That the amount herein involved does not exceed the sum of $2,000. (2) That plaintiff is, and was during the year 1877, a domestic corporation authorized by law to construct and maintain a line of railroad passing through said county, and through or contiguous to the lands hereinafter mentioned. (3) That it is, and was at said time, necessary for plaintiff to take and occupy for railroad purposes certain lots or parcels of land [describing them as in the first petition]. (4) That defendant Cora Allen was in the year 1877 the owner of record of said lots, and still claims to be such owner; and the said defendant James L. Allen is, and then was, the husband of said Cora, and for that reason is made a party hereto. (5) That the compensation to be paid by plaintiff to said defendant for the said taking and occupancy of said lots cannot be agreed upon by the parties interested. (6) That just previous to such taking and occupancy of said lots in 1877, an attempt was made by plaintiff to have such compensation assessed in this present action; and such proceedings were had, and such things done, that the sum of $180 was then, to wit, on or about the 10th day of October, 1877, paid by plaintiff to said defendant Cora Allen, and by her accepted as for and on account of such compensation. (7) That subsequently, to wit, on the 10th day of July, 1883, said defendant Cora Allen, by suit against this plaintiff by her then begun in another tribunal, claimed to be still the owner of said lots, and that previous to said 10th day of July this plaintiff had always claimed in good faith title to said lots (since said attempted ascertainment of compensation), and had occupied the same openly, continuously and uninterruptedly from said 10th day of October

until said 10th day of July, and during said period between said last-named dates had received no intimation nor notice of any adverse claim to or upon the same.

"Wherefore the plaintiff prays that the compensation to be paid the said defendant Cora Allen, for and on account of said taking and occupancy of said lots, this honorable court will cause to be assessed; and that plaintiff recover from said defendant said sum of $180, with interest, and other relief," etc.

The defendant moved to strike out of this last amended petition the sixth and seventh paragraphs thereof. The motion was sustained as to paragraph 7, but denied as to paragraph 6, and thereupon the cause was tried and disposed of as an ordinary proceeding for the condemnation of lands for public use. The jury found the value of the land to·be $2,000; no additional damages or benefits. The verdict being sustained by the court, the appellant brings the case here on appeal, assigning as error certain rulings of the court before, during and after the trial.

Proceedings to condemn property for public use under the act of eminent domain are purely statutory, and the statute must be strictly pursued. The province of the court and jury are defined by the terms of the act. The court did not err in disregarding, or in treating as surplusage, petitioner's prayer for judgment against defendant for the sum of $180. The only way petitioner could make the payment of that sum available under the renewed proceedings was by having it applied in substantial satisfaction, or by way of reduction of defendant's compensation, in case it should be shown at the trial that defendant had received such sum in full, or on account of compensation for the lands taken as alleged in the amended complaint. Gen. Laws 1877, ch. 31; Mills, Em. Dom. §§ 87–90; *Railroad Co. v. Jackson*, 6 Colo. 340; *Knoth v. Barclay*, 8 Colo. 300.

The original petition did not contain any statement of the value of the property sought to be taken, nor any

averment of the amount involved in the proceeding. There was no personal service of process upon the defendant Cora Allen, nor was her husband made a party until the proceedings were renewed in 1884, and then it was expressly alleged that James L. Allen was the husband of said Cora at the time of filing the original petition. On account of these defects the attempted condemnation proceedings were without force of themselves to pass to petitioner the defendant's title to said property, or any right or interest which she may have had therein. Nevertheless, if, with notice of what the petitioner had sought or attempted to accomplish by said proceedings, she voluntarily accepted from the petitioner as compensation for her property a sum equal to the amount so awarded, she could not thereafter regain possession of the premises, nor secure further compensation for the taking. Neither did the court, by assuming, six years thereafter, to vacate the proceedings under the original petition, take away any right or interest which the petitioner may have acquired in or to said premises by virtue of its payment and defendant's acceptance of such compensation therefor; for in such case, though the defendant was not bound by the proceedings, she would be bound by the payment and acceptance of the $180 for the land; and the minutes of such proceedings might, perhaps, under certain circumstances, be resorted to for the purpose of refreshing the recollection of witnesses as to the basis of such payment and acceptance. Mills, Em. Dom. § 329; *Water Co. v. Middaugh*, 12 Colo. 434.

The act of 1877, entitled "Eminent Domain" (sec. 2), requires the husband to be joined as a party in proceedings thereunder when the wife's lands are sought to be taken against her consent; hence it is argued that she, being a *feme covert* in respect to such proceedings, is not estopped like other persons by accepting the fruits of an invalid award. We need not determine the validity of this argument, since we do not consider that she was

in any way bound by the proceedings or by anything she did by virtue of them.

The act of eminent domain in no way interferes with the wife's power to voluntarily dispose of her property for public or private use the same as if she were sole. If the compensation to be paid for the lands sought to be appropriated or damaged for such use can be agreed upon, she may make a valid conveyance therefor independent of her husband, as well as if the conveyance were for any other purpose. It is only when the compensation cannot be agreed upon, and proceedings are instituted for the purpose of determining the same, that the statute requires the joining of the husband as a party. There is nothing in the act to indicate that a married woman may not, at any time before or after the commencement of condemnation proceedings, or during the progress thereof, whether the proceedings be defective or otherwise, "bargain, sell and convey her real property, and make any contract in reference to the same, as if she were sole." This she was fully empowered to do by the act of February 12, 1874, in the language above quoted. Under the latter act it has been declared that "a married woman can do what she will with her own property as any other individual, *sui juris*, without reference to any restraints or disabilities of coverture." *Wells v. Caywood,* 3 Colo. 493.

The enfranchisement of married women brings to them corresponding responsibilities. Additional responsibility is the natural accompaniment of increased power and privilege. In the case before us, the proceedings culminating in the original award, being wholly invalid, were powerless to coerce the defendant in the slightest degree. Hence, if it should be shown that she thereafter voluntarily accepted compensation for her lands, she must be regarded as acting wholly independent of said proceedings in so doing; and, being emancipated from the thralldom of coverture in matters outside of such proceedings,

she must be held bound by the consequences of such acceptance the same as any other individual. To the extent a married woman is *sui juris* she is subject to the law of estoppel. *Water Co. v. Middaugh, supra;* 2 Herm. Estop. § 1105.

Though the petitioner may have paid, and the defendant may have accepted, $180 for her lands, and thus the full and complete equitable title may have passed, yet she was not thereby divested of her legal title to the premises. To secure the legal title the petitioner might have resorted to an equitable action to compel defendant to convey the same, or, being in possession, might have relied upon such payment and acceptance with notice as an estoppel to defeat any action defendant might bring to recover possession or further compensation. But it was also proper, under the act of eminent domain, for the petitioner to renew proceedings to acquire any title to the premises remaining in the defendant, or to extinguish any claim she might assert thereto. Section 6 of the act provides for such a contingency, and expressly authorizes proceedings to perfect the title in case the assessment shall fail or be deemed defective against any one who has title, claim or interest in the premises sought to be taken. Section 5 also provides for amendments to the petition or other papers whenever necessary to a fair trial and final determination of the questions involved. *Railroad Co. v. Strange,* 63 Wis. 178.

By filing the amended petition on which the trial was had the petitioner must be held to have admitted that there was some title, interest or claim to the property remaining in the defendant Cora Allen. But it was at liberty to show, by proper pleadings and proof, if it could do so, that such title or claim was nothing more than the bare legal title, without any equity in the defendant, and that the damages were merely nominal, or that her estate was something less than the full legal and equitable interest, on account of the payment and acceptance

of the compensation therefor, as pleaded; but nothing in disparagement of defendant's title, unless fairly within the scope of the pleadings, could be properly admitted in evidence.    Mills, Em. Dom. § 160; *Knoth v. Barclay*, 8 Colo. 300; *Railway Co. v. Haggart*, 9 Colo. 347; *Thurston v. Portland*, 63 Me. 149; *Miller v. Newark*, 35 N. J. Law, 460.

Paragraphs 6 and 7 of said amended petition, though not in the most complete form, yet substantially set forth the defendant's estate in said premises in such terms that the parties could and should have been allowed to show the very truth of the matter in relation to the alleged payment and acceptance of the $180 as compensation for the premises, and so fairly try and finally determine the questions involved in the controversy, as provided in sections 5 and 6 of the act of eminent domain as above specified.    *Railroad Co. v. Strange, supra; Brisbine v. Railroad Co.* 23 Minn. 114.

The ruling of the court in striking out paragraph 7 of the last amended petition must be regarded as error, since said paragraph, as well as paragraph 6, contains material matters necessary to the determination of the controversy between the parties.    The refusal of the court to allow petitioner to show by competent evidence " that the sum of $180 was paid by the petitioner to the defendant Cora Allen, the owner of said land, and by her accepted in full payment thereof," was also erroneous. It may explain, but does not justify, the ruling of the court below, that at another stage of the trial the petitioner's counsel advanced a different theory, or assumed an inconsistent position, in argument, concerning the rights of the parties in relation to the matters in controversy.    The evidence thus offered was in support of the allegations of the petition, it was material to the issue, it related to the very essence of the controversy between the parties, and should have been received.    As was said by this court in *Hall v. Rockwell*, 8 Colo. 105: "This

court reviews a case upon the record. * * * A theory adopted by court or counsel, not in harmony with the record, cannot influence our judgment."

Petitioner offered to show an outstanding tax-deed to the property in one Armstrong, who was not a party to the proceeding. As there was no averment·in any of the petitions disparaging the defendant's title, except the petitioner's own claim, as above stated, the offer was properly refused.

In proceedings to condemn property for public use, the burden is upon the defendant to show the value of the property or interest therein actually taken, as well as the damages, if any, to the residue of such property. The burden of showing benefits, if any, may be upon the petitioner, as well as the burden of showing the necessity of the taking, where such matters are litigated. In this case there was no controversy as to the necessity of the taking. It was not error to allow the defendant to open and close at the trial. Mills, Em. Dom. § 92.

Whatever may be the rule in other states, or in the absence of statute, there can be no doubt that under our law (St. Em. Dom. § 17) the true and actual value of the property or interest therein, belonging to the defendant at the time of the appraisement, is to be allowed and awarded to the owner of such property or interest.

The former opinion in this case is withdrawn, and the judgment of the county court is reversed, and the cause remanded. In view of the nature of the action, and the circumstances of the case, no costs will be awarded against the appellee.

*Reversed.*

MR. JUSTICE HAYT (*dissenting*). I am reluctantly constrained to dissent from some of the positions taken by the majority of the court, and also from the judgment of reversal.

The statute requiring a husband to be made a party in

case the proceedings seek to affect the property of a married woman was not complied with in the original proceedings, and the petition was also radically defective on account of the failure to allege either the value of the property in controversy, or the amount involved in the action. The county court was therefore without jurisdiction, and these proceedings were consequently void. Gen. Laws 1877, p. 397, § 2; Gen. St. § 485; *Railway Co. v. Church,* 7 Colo. 143; *Water Co. v. Middaugh,* 12 Colo. 434.

In the case of *Water Co. v. Middaugh, supra,* it was held that a party, having received and retained the damages awarded, would not be allowed to controvert the validity of the proceedings under which such damages were assessed; but there are several weighty reasons which prevent appellant from invoking this well-established principle in this case. In the former case the proper parties were before the court in the original proceeding; here one of the necessary parties was omitted. In the former case the estoppel was fully pleaded; here it is not. It is also contended by appellee that this question is *res judicata* in this case, as the county court entered an order setting aside all former proceedings subsequent to the filing of the original complaint, which order was entered upon motion of appellee, made upon her first appearance in the action, and before the final rule for possession had been entered under the statute, although six years after the award had been made; the argument advanced being that as it does not appear that appellant, although present and resisting the motion, made any effort at this time to show that the award should stand for the reason that appellee was estopped from denying the validity of the former proceedings because of having accepted the fruits thereof, as well as for the reason that no exception was taken to the order of the court setting aside such award, that it is now estopped from claiming such payment. The facts relied upon as

constituting the estoppel were as well known to the appellant then as now, and it is argued that they might have been urged in opposition to that motion, and that the decision thereon must be taken as *res judicata*, in reference thereto, whether they were so urged or not. The determination of this question, however, becomes unnecessary under the views which I hold upon other points presented in the case.

The proper parties were not before the court in the first instance, and in this respect the case differs from the *Middaugh Case*. A familiar principle to be held in mind in the consideration of cases like the one at bar, in which private property is sought to be taken for public use without the owner's consent, is that the statute must be strictly followed; otherwise the proceedings will afford no justification for such taking. Sedg. St. & Const. Law, ch. 10; Mills, Em. Dom. § 87.

By the statute of this state, under which all the proceedings in this case have been had, it is made imperative, in case the proceedings seek to affect the property of married women, to join the husband as a party. The statute requiring this to be done was enacted in 1877, three years after the passage of the enabling act of 1874, by which married women were released from the disabilities of coverture in reference to their individual property. While, under the act of 1874, the wife might voluntarily dispose of her separate estate in all respects as though she were unmarried, by the subsequent statute it is provided, in case her property is sought to be taken for public use against her will, that the husband shall be made a party to the proceeding. It is not necessary for the courts to advance arguments for the distinction made by the legislature. It is sufficient to know that such distinction exists; and it is not the province of the courts to repeal the law or construe away its mandatory provisions, as we are asked to do in this case. Had the proper persons been made parties defendant to the action, and

they had accepted and retained the amount of the first award, such retention and acceptance of the fruits of the void proceedings would have estopped them from denying the validity of the award, if presented in the first instance; but it does not follow that payment to the wife, if made under the circumstances of this case, would have had the same effect, the husband not having been made a party to the action.

It is claimed, however, that the former proceedings, if followed by the payment of the amount of the award by the appellant, with its reception and retention by appellee, gave appellant the equitable title, leaving only the bare legal title remaining in appellee to be condemned, for which nominal damages only could be awarded. A diligent search of the record of the trial fails to disclose that any question in reference to nominal damages was presented in the court below; and petitioner ought not to be heard upon this question for the first time upon appeal, even if the petition itself had been so framed as to have permitted such proof. Upon the trial appellant contended that the value of the property at the time of the original taking was the true measure of damages, and offered evidence upon such value. This was in direct opposition to the claim now advanced — that appellee is entitled to nominal damages only. In this connection the allegations of the petition also become important, in order that we may determine just what questions appellant is entitled to litigate in this proceeding, and what matters, if any, it should be held estopped from contesting.

The second amended petition superseded the former pleadings, and upon this the parties went to trial. In this pleading title in appellee is not only admitted, but it is expressly alleged that compensation for the property could not be agreed upon between the parties, and the court is asked to determine the amount of the same. In construing this pleading the former adjudications of this

court upon the statute may be examined with advantage. In *Knoth v. Barclay*, 8 Colo. 300, it is said: "Proceedings of this nature are *sui generis*. They are purely statutory, and in many important particulars are wholly unlike our ordinary civil actions under the code."

Again, in *Railway Co. v. Haggart*, 9 Colo. 347, it is said: "We are of the opinion that when one files his petition, naming a respondent, and seeking the condemnation of certain specified property, the petitioner thereby, in the absence of special averment to the contrary, admits such title in the respondent named as authorizes the assessment of full compensation for the taking of the premises described, or the injury thereto." By the first of these cases it will be seen that the rule of liberal construction enjoined by the code for the ordinary civil action can have no application to a proceeding of this nature; while the latter case is valuable in that it determines that complete title is admitted in respondent, unless the petition contain a special averment to the contrary. I am unable to find any such averment in the petition in this case. If any such exists it must be gathered from the allegations contained in the sixth paragraph, which paragraph is as follows, viz.: "That just previous to such taking and occupancy of said lots, in 1877, an attempt was made by plaintiff to have such compensation assessed in this present action; and such proceedings were had, and such things done, that the sum of $180 was then, to wit, on or about the 10th day of October, 1877, paid by plaintiff to said defendant, Cora Allen, and by her accepted as for and on account of such compensation."

While here the former proceedings are mentioned, and the payment of the sum of $180 is alleged as having been made and accepted as for and on account of such compensation, nothing is stated in reference to any previous award having in fact been made; and in my opinion the most that can be said in reference to these allegations is

that they were made in pursuance of an attempt on the part of appellant to recover back that sum of $180. That such was the intention at the time was also manifest from the prayer of the complaint, which is as follows: "Wherefore this plaintiff prays that the compensation to be paid to said defendant, Cora Allen, for and on account of the said taking and occupancy of said lots, this honorable court will cause to be assessed; that this plaintiff do have and recover from said defendant, Cora Allen, said sum of $180, with interest thereon from said 10th day of October, 1877; for judgment against said defendant, Cora Allen, for the sum of $180, with interest thereon from the 10th day of October, 1877; and for such other and further relief as to this honorable court may seem proper, just and equitable."

Appellant was here seeking to recover the amount back which it claimed was paid appellee under the former proceedings; which position is entirely inconsistent with its present claim that appellant is estopped from denying the validity of such proceedings by reason of having accepted the fruits thereof, as well as inconsistent with the claim advanced, to the effect that, if appellee was not bound by the original award, it was nevertheless competent for appellant to show that a voluntary sale of the premises was thereafter made by appellee to it, the consideration for such sale being the amount found due upon the first award. Such proof would have been in direct contradiction of the allegation that compensation could not be agreed upon. The petitioner was bound by the averments contained in its pleading. It could neither contradict the same, nor be allowed, against objection, to introduce proof to extend the issues beyond such averments. Aside from this, the rule allowing the petitioner in proceedings under eminent domain acts to condemn interests less than the fee-simple title has, I think, never been extended to cover a case in which the petitioner has a complete equitable title to the premises, is in pos-

session, and entitled to an absolute conveyance, as now claimed in this case. Certainly, no case cited by counsel sanctions such a proceeding, and, upon principle, I am of the opinion that the equitable remedy can alone be pursued under such circumstances. There is nothing in *Railroad Co. v. Strange*, 63 Wis. 178, inconsistent with this view; in fact, the opinion of the Wisconsin court will be found to be in direct support thereof. The respondent in that case filed a counter-claim, and prayed condemnation and compensation, as was permitted by the Wisconsin statute, and for this reason alone the cause was held for determination upon its merits. That the proceeding would have been dismissed in the absence of such counter-claim is apparent from the following quotation from the opinion of the court: "The purpose of the petition seems to have been to quiet the company's title to the land in question, under section 1852, Revised Statutes, on the assumption that it had already acquired a permanent right to the same. It may be questionable whether such petition could be maintained for the mere purpose of quieting title. Where that is the only purpose, it is not perceived why a railroad company should not bring its action therefor the same as any other party."

The petitioner's claim for judgment for the $180 could not be allowed in this proceeding, as, under the statute, the province of the jury is limited to the ascertainment of "the value of the lands or property actually taken," and the assessment of compensation therefor, and the ascertainment and assessment of "the damages, if any, to the residue of such land or property," with the "amount and value of the benefit;" and in view of the nature of the proceeding, as well as the allegations of the petition, I am of the opinion that, as the case was presented, the defendant could not have been legally required to meet any issue in reference to the alleged payment of $180. The only error, therefore, committed by the court in its ruling upon appellee's motion to strike out

the sixth and seventh paragraphs of the petition, in my opinion, was in overruling such motion as to the sixth paragraph, and this was in appellant's favor; but as the court, upon the hearing, refused to permit the introduction of evidence in support of this paragraph, the previous error was cured. What has already been said of the pleadings disposes of the assignment of error predicated upon the refusal of the court to admit evidence of an outstanding tax-title. Such evidence was not admissible under the issues.

The burden of proof being upon the appellee, the necessity for the taking being admitted, it was not error to allow the respondent to open and close the case. Neither was it error to hold that the measure of damages was the value of the property at the time of the assessment. St. Em. Dom. § 17.

I am of the opinion that the judgment of the trial court should be affirmed.

*Reversed.*