## COLORADO M. R'Y CO. v. CROMAN ET AL.

1. EMINENT DOMAIN — APPEAL FROM JUDGMENT AWARDING DAMAGES.— The rights of the owner of a mining claim to the surface of his location are dependent on the relation which the vein in its course and direction bears to the surface; and where, on appeal, under the act of 1885, from a judgment awarding damages in a proceeding to condemn the surface of a mining claim, the abstract fails to show the direction and course of the vein, the judgment will not be reversed on the alleged ground that the evidence did not show the owner's right to the surface ground. It was incumbent on the petitioner to show that such right did not attach.

2. PRACTICE IN CONDEMNATION CASES — PETITIONER CANNOT CLAIM TITLE.— A railroad company, in proceedings to condemn land, cannot at the same time, in the same suit and petition, set up a title in fee in itself and ask an adjudication upon it, since its right to ask condemnation depends on the fact that the property belongs to another.

*Appeal from District Court of Pitkin County.*

THIS was a proceeding in condemnation started by the railroad company in July, 1886, against Croman and numerous other parties, to obtain title to certain lands in the vicinity of the city of Aspen required for trackage and other purposes. The property across which the company sought to run its lines were sundry mining claims averred to belong to various defendants, who were made parties to the suit. The petition contained all the averments essen-

tial to show interest in the defendants and right on the part of the petitioners to condemn. In addition to these averments, the company set up that the land they wanted was within the limits of an agricultural entry made by Henry Hopkins, the grantor of one Van Hoevenbergh, who had deeded it to them. The appeal was perfected under the act of 1885, and there is nothing before this court but the abstract. Under the act it is made incumbent upon the appellant to set forth in his abstract sufficient for a full understanding of the questions presented for decision. This abstract is made up almost wholly of statements which apparently are mere summaries of what the appellant judges was proven by the respective parties.

No pleadings are set out other than the petition and a disclaimer filed on behalf of Van Hoevenbergh. The only three claims which were awarded damages were the Home Stake, the Mary B. and the Pride of Aspen. As to the balance, the jury found that the owners would sustain no damage by the taking. The owners of the Home Stake introduced a receiver's receipt for their claim issued in the month of May, 1886. As to the Pride of Aspen and the Mary B., it is recited that the claimants were the owners of the lode claims, and that location certificates thereof were introduced in evidence. Neither the dates of the certificates nor the time of the inception of the title of either of those claims appears. It is recited " that all of the mining claims were located across the strike of the vein, which apparently dipped under the land sought to be condemned." The discovery in each is conceded. No evidence was brought up which shows the direction or the course of the vein within the limits of the respective claims or which indicates the point at which the lode comes nearest to the strip to be condemned. Neither side introduced evidence on this subject so far as can be learned from the record. The company introduced evidence showing that in June, 1885, Henry Hopkins made his final proof as an agricultural claimant of all the land embraced within the strip in con-

troversy, and in June, 1886, upon the payment of the price of agricultural lands, received from the proper officers of the government a receiver's receipt therefor. Transfers from him to Van Hoevenbergh and from Van Hoevenbergh to the company were introduced without objection. The company proved the *situs* of the discovery shafts of these three claims, but gave no other evidence as to the location of the vein with reference to the strip or as to its direction within the claims.

Mr. HENRY T. ROGERS, Mr. A. E. PATTISON, and Messrs. WILSON & STIMSON, for appellant.

BISSELL, C. Upon the record it is impossible for this court to do otherwise than affirm the judgment or order of condemnation. The objection that the testimony is insufficient to support it is not well taken.

The appellants contend that under one instruction, which the court gave, they were entitled upon the testimony to have the verdict set aside. The court instructed the jury, in substance, that a mining claim must be located along the course of the vein, and that the locators of a claim running across the strike of it could obtain no title to the surface ground within the limits of the location, except for the statutory distance on either side of the middle of the vein, and, should the jury find that the strip in controversy was outside of the limit, then the claimants could not recover damages for the taking of the surface by the company. It is urged that, under this instruction, the case as made does not justify the verdict. Assuming the instruction to be correct, the appellant's claim would be well founded, if it were shown by the record that the testimony introduced established those facts which make the instruction pertinent and applicable. It is well settled that the rights of the miner to the surface ground of his location are dependent upon his discovery, and upon the relation which the vein, in its course and direction, bears to the surface as it has been located. The grant of the vein has always been held to be.

the principal thing, and the surface but an incident, which, as to its extent, is entirely determined by the course of the principal thing granted, to wit, the vein. *Patterson v. Hitchcock*, 3 Colo. 533.

While this is true, if the petitioner in condemnation desires to avail himself of the force of this principle, and obtain rights by virtue of its application, it is incumbent upon him to establish whatever facts are essential to show its applicability. This he has not done in the present case, and it is impossible for the court upon the record to adjudicate that the order should be reversed for this reason.

The other errors complained of are based on the various instructions given to the jury, and on the refusal of the court to give proper weight to the petitioner's rights in the property, which are said to grow out of the title of the agricultural claimant, Hopkins. Some of these instructions, notably the third and fourth, are open to criticism, and might necessitate the reversal of the case, if it appeared that the company were prejudiced by what the court announced as the law. The difficulty is that, if error at all, it was error without prejudice.

Appellant cannot be permitted in this proceeding to seek a condemnation of certain lands, and at the same time, and in the same suit, and in the same petition, set up a title in fee in itself, and ask an adjudication upon it. Proceedings in condemnation can only be instituted under the particular statutes which warrant them. The statutes from which the authority to institute them are derived limit the right to certain classes, to wit, those who seek to take property belonging to others for purposes designated in the enactments upon that subject. If the petitioner is unable to bring himself within the *descriptio personæ* of some act from which he derives his rights, or if he fails to show that he is seeking to take private property, and desires to ascertain its value in that proceeding, his petition must be dismissed. His right to maintain it is as much dependent upon the fact that he desires to take certain property belonging to another person, for a price to be ascertained in the suit, as it

is upon his being found to be included in the class to which some statute concerning eminent domain gives the right to proceed in this manner. It has been adjudged that, in the absence of any limitation in the petition, a title in the respondent which justifies the assessment in his favor of full compensation is conceded. *Railway Co. v. Haggart*, 9 Colo. 346.

If the petitioner himself claims title in fee to the property, the very assumption of that fact in his petition ought to destroy his right to either institute or continue the proceedings, for they are only warranted where he seeks to obtain the property of another. The two things are wholly inconsistent. The petitioner, having instituted an action under the eminent domain act, cannot be allowed to maintain the same for the mere purpose of quieting title. *Railroad Co. v. Allen*, 13 Colo. 229; also 9 Colo., *supra; Railroad Co. v. Strange*, 63 Wis. 178.

The judgment should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*