THE COLORADO MIDLAND RAILWAY COMPANY, APPELLANT, v. RUEDI ET AL., APPELLEES.

1. PRACTICE—EMINENT DOMAIN.

In a proceeding under the "Eminent Domain Act," a petition filed in vacation should be presented to the judge in order that he may comply with the provisions of the statute, requiring him to note thereon the day of presentation, etc.   Upon presentation thereof he shall order summons issued, and the clerk shall *at once* issue the same.

2. SAME. .

After a postponement of the issuance of summons until the rights, title or interest of respondent in and to the premises, sought to be condemned, have been determined, without a showing by supplemental proceeding or petition indicating to the court that such interests have been determined, and what such interests are: *Held*, sufficient to support a motion dismissing the proceeding.

3. PROCEEDING LIMITED.

Proceedings in condemnation can only be instituted under the particular statutes which warrant them, and the right is limited to those who seek to take the property belonging to others.

*Appeal from the District Court of Pitkin County.*

Mr. H. T. ROGERS, and Messrs. WILSON & STIMSON, for appellant.

No appearance for appellee.

RICHMOND, P. J., delivered the opinion of the court.

By the abstract of record in this case we learn that on the 15th day of June, 1887, appellant filed in the office of the clerk of the district court of Pitkin county a petition for condemnation of lands. After the usual allegations, showing appellant's right to proceed in this manner to acquire the right of way, and giving a description of the property in question, the petition proceeds as follows:

" That the said defendants appear to claim some interest in said premises as appearing of record, and that the defendant, John Ruedi, appears to have purchased the same from the United States, and to have made entry thereof as a preemption claim on or about the sixth day of October, A. D. 1884, but petitioner is informed and believes and so states the fact to be that since the date of said entry the same has been protested and has been suspended and held for cancellation, and now is suspended and held for cancellation by order of the honorable commissioner of the general land office of the United States.

" That the compensation to be paid for the said above described real estate cannot be agreed upon between your petitioner and the said defendants or any thereof, and the petitioner is unwilling to pay any compensation for said lands or for the damages thereto, or to the residue thereof, so long as said pre-emption entry is suspended and held for cancellation, as aforesaid. That in the event of the cancellation of said entry by the United States, your petitioner will be the owner of said strip of land for right of way under and by virtue of the act of congress of March 3, 1875, granting right of way to railroads over and across the public lands of the United States, and by virtue of the filing and approval of its profile map over and across said premises, in accordance with said act of congress, all the provisions

and requirements of which have been complied with by your petitioner.

"Your petitioner further says that now and so long as the suspension of said entry shall continue, it is the owner of said right of way and strip of land for right of way under and by virtue of its compliance with said act of congress, as aforesaid.

"But that in the event of said entry being sustained by the said honorable commissioner of the general land office, your petitioner will be ready and willing to pay a just and reasonable compensation for the said strip of land sought to be condemned herein, to the owner or owners thereof when ascertained.

"Therefore your petitioner prays:

That in the event of said entry being sustained, your honor will then cause the compensation to be assessed, and pay to the owners of said land and premises, and to that end that the said defendants, John Ruedi, Porter Plumb, James M. Downing, D. M. Van Hoevenbergh, John C. Eames and Elmer T. Butler, and each and every person owning or claiming any interest in said premises, may be summoned to appear before this honorable court and show cause why said premises should not be taken by your petitioner for the purposes aforesaid, and why they should not accept a reasonable compensation, if any be adjudged to them, or either of them, as owners of or interested in said premises, for the taking and appropriation of the same, or for injury or damage thereto by reason of the construction of said railway line over and across the same.

"And your petitioner further prays that the right to use, occupy and appropriate said premises to the extent and for the purpose aforesaid, be adjudged to your petitioner and to its successors and assigns forever.

"Your petitioner further prays that in the event of the cancellation of said entry of said lands by the United States, and due proof thereof, this proceeding be dismissed, and that until the decision of the said honorable commissioner

of the general land office shall be rendered, sustaining or canceling said entry, this action and proceeding shall be stayed and continued.

"And that your honor will grant your petitioner such other and further relief in the premises as shall be just and equitable."

Following the petition in the record are seven orders entered at different terms of the court during the years 1887, 1888 and 1889, in these words :

" On this day it is ordered by the court that this cause be and the same is hereby passed."

On January 15, 1889, defendants appearing specially for the purposes of the motion, moved the court to dismiss the above entitled cause and petition, for the reason that no summons had been issued in said cause within the time required by law ; that the petition in said cause was filed on the 15th day of June, 1887 ; that no day was then or has since been set when the matters contained in said petition would be heard ; that no order for the issuance of summons to defendants was ever made ; no summons has ever been served on any of the defendants.

On May 6, 1889, the court entered an order that the cause be passed.

On August 14, 1889, a motion to dismiss was argued by counsel.

On August 29, 1889, plaintiff filed its motion moving the court to issue summons to the respondent in accordance with the prayer of the petition. This motion was denied. The motion of defendants to dismiss the action was sustained.

The judgment of the court is in the following words :

* * * "Thereupon it was ordered that the cause be dismissed at the cost of plaintiff, without prejudice to plaintiff's rights in the premises, and that defendants have and recover judgment of and from the plaintiff, their proper costs and disbursements to be taxed and let execution issue therefor."

To reverse this judgment plaintiff prosecutes this appeal.

The foregoing is a statement of the case as presented by appellant. No appearance is entered for the appellees.

This was a proceeding under the "Eminent Domain act," and by this act it is provided that when "petition be presented to a judge during vacation, the judge shall note thereon the day of presentation, and shall also note thereon the day when he will hear the same, and shall order the issuance of summons to each resident defendant, and the publication of notice to each nonresident defendant, and the clerk of the court shall *at once* issue the summons, and give notice accordingly." It is also provided that, "Summons shall be made returnable on such day and hour as the court or judge may fix and determine, not less than thirty days after the issuance of such summons, and the same shall be served in the same manner as in other cases, at least ten days before the return thereof." * * * Mills Ann. Stat. vol. 1, §§ 1717 and 1718.

It is argued that the act seems deficient, in making no provision as to the manner of issuing summons except in cases where a petition is presented to a judge in vacation, and that in the absence of any such provision there can be no doubt of the power of the court to order the issuance of summons upon application.

It may be conceded that it is within the power of the court to direct the summons to issue upon application, but if so the court did not exercise the privilege. We are not willing to admit that the contention of appellant is correct. We will assume that this application was filed in vacation, and if filed in vacation, it should have been presented to the judge. It then became the duty of the judge to note the day of presentation, the day when he would hear the same, and to order the issuance of the summons to the resident defendants and the publication of notice to nonresident defendants. We certainly are justified in taking notice of the fact that the 15th of June, 1887, was not a day within any of the terms of the court provided by statute to be held in the county of Pitkin in that district. The record recites that the petition

was filed in the office of the clerk.    After being filed in the office of the clerk it was the bounden duty of the petitioner to present the application to the judge for the purpose of having him comply with the provisions of the statute.    Two years or more elapse before any action is taken, and thereupon the court directs a dismissal without prejudice to the petitioners, practically allowing them to institute another proceeding.

The petition as will be observed proceeds upon the theory that Ruedi appears from the record to have purchased from the United States, as a pre-emption claimant, land through which the appellant is seeking the right of way, and that owing to some proceedings or for some reason the entry had been protested and was suspended.    It is therefore prayed that in the event of an entry being sustained the petitioner asks the court to cause the compensation to be assessed and to pay the owners of the land the amount they are entitled to.    In other words, the petition seeks to postpone the inquiry of compensation until the rights of all the defendants may have been determined.    The motion for the summons to issue does not inform the court that the title has been determined that the respective defendants are interested in the adjudication sought by the petitioners.    We do not think that the eminent domain act contemplates a proceeding of this kind.    *The Colorado M. Ry. Co. v. Croman et al.,* 16 Colo. 381.

By the eminent domain act the petition must set forth the purposes for which the property is sought to be taken, a description of the property, the names of the persons interested therein as owners or otherwise, and praying such judge to cause a compensation to be paid to the owner to be assessed.

The petition in this case is in the alternative.    The petitioner prays that, in the event of John Ruedi's entry being sustained the judge of the court will cause compensation to be assessed and paid to the owners of such land and premises.    In other words, the petitioner seeks to postpone

the issuance of summons or further action in the case until the rights, title and interest of Ruedi and the other defendants have been adjudicated through the legitimate channels provided for by the government of the United States. Conceding the right to do this, then when it made its motion that the summons issue in conformity with the prayer of the complaint, it should by some supplemental proceeding or petition have indicated to the court that the interests of the defendants had been determined through proper judicial channels, and what such interests were as so determined.

The court had no more ground for issuing the summons upon the application made in 1889, than it had upon the petition filed in 1887.

We think the court below was extremely liberal in its judgment of dismissal in providing that the cause should be "dismissed without prejudice," thus leaving the petitioner in the position to file another petition and renew its prayer for a condemnation of the land through which and over which it sought the right of way.

To follow the argument of the appellant to its logical sequence would result in the right of plaintiff to petition for condemnation of land—the title to which as the record might disclose would be in a number of persons—then in litigation, and to suspend further action in the condemnation proceedings until the title had been determined through the various channels provided by law.

We might readily admit for the purposes of argument that such proceedings could be instituted with such a purpose in view, but when the petitioner seeks for a summons it occurs to us that it was his duty to so amend the petition as to show that the title in controversy had been judicially disposed of in favor of all the defendants.

In the case of *The Colorado M. Ry. Co. v. Croman et al.*, *supra*, it was held that a party cannot be permitted in a proceeding under the eminent domain act to seek a condemnation of certain lands, and at the same time, and in the same suit, and in the same petition, set up a title in fee in itself,

and ask an adjudication upon it.　Proceedings in condemnation can only be instituted under the particular statutes which warrant them.　The statutes from which the authority to institute them are derived limit the right to certain classes; to wit, those who seek to take property belonging to others for purposes designated in the enactments upon that subject. If the petitioner is unable to bring himself within the *descriptio personæ* of some act from which he derives his rights, or if he fails to show that he is seeking to take private property, and desires to ascertain its value in that proceeding, his petition must be dismissed.

It occurs to us that it was petitioner's duty to so amend its petition as to show who were interested in the premises and proper parties defendant.

The judgment of dismissal was right and warranted by the record and the judgment therefore is affirmed.

*Affirmed.*