*Markham, Patterson & Thomas*, for plaintiffs in error.
*Thomas George*, for defendants in error.

---

## THE DENVER & N. O. R. R. CO. *v.* JACKSON, *et al.*

*(Supreme Court of Colorado, December Term, 1882—Error to the District Court of Pueblo County.)*

1. FINAL ORDER, IN CONDEMNATION PROCEEDINGS. In condemnation proceedings, under the statute, the power of the Court, so far as fixing the rights of the parties is concerned, is exhausted when the report of the commissioners has been filed and approved by the Court, in overruling a motion to vacate and set aside the same. Such final order has then been made as to authorize appeal, or writ of error.

HELM, J. Proceedings were instituted by plaintiff in error, under chapter 31 of the General Laws, for the condemnation of certain lands belonging to defendants in error. Various steps were taken in pursuance of the provisions of said act, which culminated in the filing of a report by commissioners, determining the amount of compensation or damages to be paid for the premises. A motion was made by plaintiff in error to set aside and vacate the said report and findings of the commissioners; but the Judge overruled the same, and denied petitioner a re-assessment of damages. Other proceedings were had in the cause, which it is not necessary, for the purposes of this motion, to state or consider.

Petitioner sued out from this Court a writ of error; and defendants in error now present their motion to dismiss said

writ, on the ground that there was no final judgment in the cause.

These proceedings are purely statutory, and the decision of this·motion rests upon a proper construction of the statute itself.   Section 13 of the act expressly gives either party a right to have the proceedings reviewed in this Court, either by appeal or by writ of error, upon the final determination thereof in the Court below.   Section 6 clearly indicates what shall be the end of the proceedings where the compensation is assessed by commissioners, *provided,* the money is paid, and no appeal is taken or writ of error issued.   But when petitioner, as in the case at bar, considers the price or compensation awarded excessive, and claims fraud, misconduct or error in the proceedings, neither that section, nor any other, declares, in express terms, at what stage in the action or proceeding there is such a final determination as will enable him to invoke this relief.

It can hardly be claimed that he must first deposit with the clerk, or pay to respondent the compensation assessed, and let the rule be entered by the Court or Judge, as provided in said section 6.   For then the title passes, petitioner becomes seized in fee of the premises, and it is too late for him to exercise his right of election and abandon the proceedings.

The report of the commissioners, and approval thereof by the Court, in overruling a motion to vacate and set aside the same, fixes, finally, the price to be paid for the premises.  Petitioner's interests may require that he abandon the proceedings and do without the land, rather than pay the compensation so awarded; or the premises may be absolutely necessary to the success of his enterprise, and while he is able to pay a reasonable and just compensation therefor, the price determined upon may be entirely beyond his means.  To say that he must first deposit or pay the amount of such award, and allow the rule to be entered, is, practically, to deprive him of any benefit from his appeal or writ of error, or to deny such relief altogether.

We think that when the commissioners have filed with the clerk their certificate of "ascertainment and assessment," and the Court or Judge has denied the motion of petitioner or re-

spondent, as the case may be, to vacate and set aside the same, there is such a final determination as, under the statute, entitles him to his appeal or writ of error.   We are aware that there is no technical final judgment, in the form usually adopted in ordinary actions or proceedings; neither is such a judgment contemplated by the statute.    But the power of the Court or Judge is exhausted; he can proceed no further until petitioner elects to deposit the price determined upon; and when such deposit is made, unless under section 14, hereinafter referred to, the Court has no discretion, the statute commands him to enter the rule.

The principal object of the proceedings is to determine what price petitioner shall pay for the premises.    That object is accomplished; all questions of law and fact are settled; all the rights of the parties have been adjudicated; and it only remains for petitioner to deposit the money, and for the Court or Judge to execute the conveyance and pass the title, by entering the rule.

This conclusion as to the intent of the act is sanctioned by section 14 thereof. Said section provides that, where the compensation is ascertained in accordance with the provisions of the statute, and either party takes his appeal or prosecutes a writ of error, petitioner may obtain possession of the premises pending such appeal or proceedings in error.    But before he can do so, he is required to deposit with the Court, or the clerk thereof, the amount of such compensation, to be held or disposed of as in said section provided.

The Legislature could hardly have declared, in more unmistakable language, that it was not their intention to require payment of the damages, or entry of the rule, after assessment by commissioners, as a condition precedent to either party's invoking relief by appeal or by writ of error.

The motion will be denied.

*Motion denied.*

*Wells, Smith & Macon,* for plaintiff in error.
*Jno. M. Waldron,* for defendants in error.