## KNOTH V. BARCLAY ET AL.

1. Proceedings under the act concerning eminent domain are special in their character, and the pleadings are not governed by the code.
2. One in possession of a portion of the public domain, without having taken steps to obtain title, is not entitled to compensation for the taking of such land under the act concerning eminent domain; and in awarding damages in such case the want of title should be taken

into consideration. If the party is awarded compensation for injury to his improvements only, he cannot complain.

3. The official certificate of a register or receiver is competent only under section 1310 of the General Statutes, to establish matters of record in his office.

*Error to County Court of Boulder County.*

THE facts are stated in the opinion.

Mr. B. L. CARR, for defendants in error.

Messrs. TILFORD and GILMORE, for plaintiff in error.

HELM, J.   This action was brought in 1881, under the provisions of our act on the subject of eminent domain. Petitioners, who are defendants in error, sought to procure the assessment of damages arising from the construction of an irrigating ditch over the lands occupied by respondent, who is plaintiff in error.   The latter demanded a jury to assess these damages, and one was accordingly sworn.   After examining the property, hearing the evidence, and receiving instructions from the court, the jury awarded the sum of $1 as compensation to respondent for the injury.   To reverse the judgment entered upon this verdict, the case was brought here by error.

Proceedings of this nature are *sui generis;* they are purely statutory, and in many important particulars are wholly unlike our ordinary civil actions under the code. *Tripp v. Overacker,* 7 Colo. 72; *D. & N. O. R. R. v. Jackson,* 6 Colo. 340.   Therefore, the general provisions of the latter instrument on the subject of amendments to pleadings are inapplicable.   This matter in these proceedings is governed by section 5 of the act mentioned, which act has been by the compilers incorporated into the code and is now chapter 21 thereof.   This section contains *inter alia* the following:   "Amendments to the petition, or to any paper or record in the cause, may be permitted,

when necessary to a fair trial, and final determination of
the questions involved." It will be observed that no particular method of amending the petition is pointed out;
that no specified steps are essential as a prerequisite to
the allowance of such amendments.

The record in this case shows that the amendment to
the petition, of which plaintiff in error complains, was
made with leave of court "first had and obtained." Besides, the record indicates what probably amounted to a
waiver of the objection, if one existed, to the time and
manner of permitting and making such amendment; for
it recites the fact that respondent was allowed to traverse
the matter thus introduced into the pleading. Had this
been an ordinary civil action and had no waiver occurred,
the objection in this particular might have been a good
one. But we are of opinion that the whole matter was
largely discretionary with the court, and there was no
such abuse of discretion as calls for interference.

The question of respondent's ownership of the premises,
over which the ditch was sought to be constructed,
became, through this amendment and the traverse of
the averment therein, a subject of controversy; but his
possession of these premises was admitted, and the
nature of the proceeding remained the same. If he was
surprised, and desired time to procure proofs on the subject of ownership of the land, it was not too late to have
asked for a reasonable continuance; had such a request
been made, we cannot presume that it would have been
denied. The question of respondent's interest or estate
in the land was a proper one for consideration in awarding damages. If he did not hold title thereto, and had
instituted no steps to obtain the same from the government, he was not entitled to damages for the taking
thereof.

But both court and counsel adopted the theory that
although the land over which the ditch was to be constructed belonged to the United States, and although re-

spondent had acquired no homestead or pre-emption right therein, yet if he had placed improvements thereon, he would be entitled to compensation for injury to such improvements occasioned by constructing the ditch. These improvements were regarded as *property*, and within the purview of the constitutional and statutory inhibition against the *damaging* of private property without adequate compensation. Sec. 15 of art. II, and sec. 7 of art. XVI, Const. of Col.; sec. 237 of the present Code of Procedure. See, also, sec. 2339, Revised Statutes of the United States. This federal statute expressly awards the right of way upon public lands for such ditches as the one under consideration, where, as with us, such right of way is recognized by local customs, laws and judicial decisions; it then concludes with the following language: "But whenever any person in the construction of any ditch or canal injures or damages the possessions of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage." Partially construing this section, see *Jennison v. Kirk*, 98 U. S. 453.

We will not pause to consider at length the exact meaning of the word *possessions* used in the foregoing statute; nor will we here determine whether the word *settler*, also occurring therein, has reference solely to a person who has shown the good faith of his settlement by filing in the proper land office an application which may ultimately result in patent. It is sufficient for the purposes of the case at bar to say that, in our opinion, where, in this state, one, without initiating any steps under preemption or other laws to procure title to public lands, places improvements thereon, and another desires to construct his irrigating ditch over or across such lands, if, by a proper proceeding, full compensation is determined, and is paid, for all damage or injury to the improvements caused by constructing such ditch, the constitutional and statutory requirements aforesaid are

complied with. The occupant, under these circumstances, cannot be entitled, by virtue of any principle of law, to pecuniary satisfaction for the taking of the land itself, nor for injury to land not taken. He may, it is true, in future acquire the title, but at present he has no legal or equitable interest in the land which gives him a right to compensation for this class of damages.

The foregoing conclusions dispose of counsel's objections, with a single exception, to the instructions given, and to the evidence received or excluded. The exception mentioned is the manner of proving that respondent did not own the land upon which his improvements were placed. To establish this fact, petitioners offered, and the court received, a certificate made by the register of the proper United States land office; this certificate contained the declaration that no application for a patent to the premises in question had ever been made by any person.

In support of this sort of evidence, petitioners cite section 1310 of the General Statutes. This section reads: "The official certificate of any register or receiver of any land office of the United States to any fact or matter on record in his office shall be received and held competent evidence to prove the fact as certified," etc. It is objected that the fact that respondent was not owner of the land is a fact or matter not of record in the land office; and therefore the certificate cannot, even under the statute, be evidence thereof.

We are satisfied that this objection is well taken. The statute was clearly intended to cover only facts and matters affirmatively appearing *on record* in the land office; and it is too simple a proposition to admit of argument that it does not authorize receiving in evidence a certificate stating that a certain fact or matter does *not* appear on record. The deposition of the register, to the effect that he has made diligent search of the records, and the matter sought for does not appear thereon, would, in

proper cases, be admissible; but this would be under ordinary rules of evidence, and would in no way depend upon the statute mentioned. See *Lacy v. Marnan*, 37 Ind. 168, and cases there cited.

Under the pleadings in this case, it devolved upon petitioners to make at least a *prima facie* showing against respondent's ownership of the land. They offered no proofs on the subject save and except the register's certificate aforesaid. There was then no evidence before the court to negative respondent's title to the land, while the petition shows him to have been in the occupancy thereof. The presumption springing from the latter fact is that he was rightfully there; and also that he possessed an estate or interest which might entitle him to compensation for the right of way.

The certificate was regarded by the court as establishing the fact that respondent had no property right in the land; the error in receiving it was material; and it follows that for this reason the judgment must be reversed and the cause remanded.

*Reversed.*