### COLORADO MIDLAND RAILWAY CO. v. BOWLES.

1. EMINENT DOMAIN — PROCEEDINGS AT SUIT OF A RAILWAY COMPANY FOR RIGHT OF WAY PENDING THE SUSPENSION OF A PREEMPTION CLAIM — DISCRETION OF COURT. — When the entry of a pre-emption claimant has been suspended, and proceedings to condemn a right of way through the land for a railroad have been instituted, the claim of the railway company for a continuance of the latter proceedings pending the determination of the suspended entry by the department of the general land-office appeals strongly to the discretion of the court.

2. PRACTICE — SURPRISE, WHEN A GROUND FOR NEW TRIAL. — When
a party, in the midst of a trial, is taken unawares, and, with-
out fault of his own, is placed in a situation greatly injurious to
his interests, as by the unexpected admission of evidence upon
an issue which, by reason of an order of court made previous to
the commencement of the trial, he was not prepared to meet, a
case of surprise is presented which, if not otherwise remedied, may
be made a ground of motion for a new trial.

*Appeal from District Court of Pitkin County.*

H. T. ROGERS, A. E. PATTISON and WILSON & STIMSON,
for appellant.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The Colorado Midland Railway Company, appellant,
was the petitioner below in proceedings to condemn cer-
tain land as a right of way for the construction of its
railroad.   Appellee Bowles, defendant below, had entered
the land under the pre-emption laws of the United States,
had paid the government price therefor, and had received
from the United States land-office the certificate of pur-
chase in the usual form.   It was alleged in the original
petition, presented August 9, 1886, that Bowles claimed
and appeared to be the owner of the land.   On February
15, 1887, an amended petition was filed in which it was
alleged, *inter alia*, that the pre-emption entry of Bowles
has been and now is suspended and held for cancellation
by order of the honorable commissioner of the general
land-office of the United States, and that petitioner has
in all respects complied with the act of congress, ap-
proved March 3, 1875, granting to railroads the right of
way through the public lands of the United States.

The cause being reached for trial, petitioner moved for
a continuance on affidavits showing that the entry of
Bowles had been suspended on account of fraud and per-
jury committed by him in securing the certificate of pur-
chase from the land-office.   The court first held the
grounds of the motion sufficient, but finally overruled

the same on terms limiting defendant in respect to the admission of evidence, and the measure of damages.

On the trial the defendant was permitted to introduce evidence tending to show the validity of his entry, also to show the value of the land actually taken, and damages to the residue. Petitioner's counsel objected to this testimony on the ground that defendant's pre-emption entry was suspended, and claimed surprise because the court, in denying the motion for continuance, had ruled that "defendant would be confined to proof of damages to his actual possession only; that is, damages to his surface improvements." Afterwards, during the trial, the court defined its rulings to be that "the certificate of entry or the receiver's receipt should not be offered as conclusive evidence of the entry." And so, against the objection of petitioner, the case was tried, and submitted to the jury, upon the theory that defendant might recover full compensation and damages for the land taken and damaged upon showing compliance with the pre-emption laws of the United States, as in case of making final proof before the United States land-office; petitioner being allowed to controvert the validity of defendant's entry; the jury to determine the controversy.

The jury found the value of the land taken to be $411.79, and the damages to the residue to be $721.66. It is evident from this verdict that the jury sustained defendant's title to the land as though there had been no suspension of his entry, and allowed him full compensation and damages therefor. Petitioner appeals, and assigns for error, among other things, the refusal to grant a continuance, its surprise at the admission of evidence to sustain defendant's entry, and to show the value of the land, and also the denial of the motion for a new trial.

Defendant's title to the land depended upon the validity of his pre-emption entry. If his entry should be canceled, and the lands should become a part of the public

domain, petitioner would be entitled to a right of way through the same for its railroad, upon complying with the act of congress of March 3, 1875. Hence, petitioner's claim for a continuance pending the investigation and determination of such entry by the department of the general land-office, whether a matter of absolute right or not, was based upon grounds appealing most strongly to the discretion of the court. So the trial court must have considered when the motion for a continuance was held sufficient in the first instance, and was overruled on terms. The terms, as shown by the abstract of the record, are somewhat ambiguous; but we think a reasonable construction of them is that defendant would be allowed to recover compensation and damages to his possessory interest merely,— that is, to the surface improvements on said land. The court may not have intended to prescribe such terms, and defendant's counsel may not have so understood them; but petitioner's counsel were certainly justifiable in so construing the language of the order. Defendant made no objection to the terms on which the continuance was refused, while petitioner objected and excepted to the refusal on any terms. The object of the desired continuance was to have defendant's title settled by the ultimate authority of the United States, before attempting to assess the compensation and damages. This object was defeated by allowing the jury to try the question respecting the validity of defendant's entry, and to give defendant full compensation and damages for the land itself in case they should find in his favor upon that issue.

The trial was entered upon immediately after overruling the motion for a continuance. As petitioner's counsel understood the terms upon which the motion was overruled, they were not advised that the facts respecting the validity of defendant's entry and title were to be litigated until the trial was actually entered upon. It is an elementary principle of our jurisprudence that

parties are entitled to be advised concerning the matters to be litigated a sufficient length of time in advance of the trial to be prepared to meet them.    When the issues are formed, as is usual in courts of record, by the pleadings of the parties, they must ordinarily advise themselves, at their peril.    So, too, where amendments to pleadings are properly allowed during the trial, a continuance or a new trial may not be a matter of right, without showing special injury resulting therefrom.    But when, as in this case, the court restricts the issues to be tried, or limits the evidence to be received in a material matter, as a condition for refusing a motion for continuance otherwise well grounded, the terms of the condition should be substantially free from ambiguity, and should not be materially changed, to the prejudice of either party, during the progress of the trial.

This case presents an instance, somewhat rare in actual practice, of genuine surprise.    Petitioner's counsel were not only taken unawares by the unexpected admission of evidence to sustain defendant's entry, and to show the value of the land itself, whereby the damages were greatly augmented, but they were placed in a situation, without any fault of their own, greatly injurious to their interests, in which they were not prepared, and could not be expected to be prepared, to meet such an issue.    There was doubtless a misunderstanding between court and counsel as to the limitation placed upon defendant as a condition for refusing the motion for continuance.    A surprise of this nature, if not otherwise remedied, may be made the ground of motion for a new trial.    Bur. Law Dict.; *Knoth v. Barclay*, 8 Colo. 300; *Mulhall v. Keenan*, 18 Wall. 342.

As already intimated, the court, in its discretion under the circumstances, might well have granted a continuance; but, as the question is not likely to arise again, we need not determine whether the refusal to continue would have been substantial error if the terms as understood by

appellant had been observed. If, when the case is reached for trial again, the title is still in abeyance by the suspension of the entry, the district court should grant a further continuance, if desired by either party.

The case having been presented by appellant *ex parte* in this court, we do not deem it expedient to consider and determine the remaining assignments of error. The judgment of the district court is reversed and the cause remanded.

*Reversed.*