THE COLORADO CONSOLIDATED LAND AND WATER COMPANY, APPELLANT, v. JAMES A. MORRIS, APPELLEE.

1. SUIT AGAINST CONSOLIDATED WATER COMPANY — NECESSARY PROOF.—In an action against a consolidated water company, organized by the consolidation of two ditch companies, for damages to real estate occasioned by a ditch constructed by one of them, the plaintiff must prove, in order to maintain his action, by which branch of the consolidated company the ditch was constructed which occasioned the injury.

2. ATTEMPT TO RECOVER FOR INJURIES TO LAND ON AFTER-ACQUIRED TITLE.—One who is in possession of land under a pre-emption claim at the time of injury thereto, but who, after bringing a suit for recovery of the damages, abandoned his pre-emption filing and initiated a new title by a homestead entry, cannot maintain such suit on his after-acquired title. In such case it is error for the court to receive evidence of an injury to the land committed prior to the inception of the title put in evidence by the plaintiff.

*Appeal from County Court of Montezuma County.*

Mr. S. W. CARPENTER, for appellant.

BISSELL, J.   The construction and operation of a ditch in Montezuma county occasioned the damages for which the appellee brought this suit against the water company.   According to his complaint and his proof, the Colorado Consolidated Land and Water Company was organized on the

VOL. I—26

21st day of May, 1890. It was the result of a consolidation of the Colorado Water Supply Company, and the Dolores No. 2 Land and Canal Company, incorporated under the title of the present defendant. There was considerable controversy in the case in regard to the occasion and extent of the injury done, but the jury found a verdict in favor of Morris for $100, for which judgment was entered. During the progress of the trial some question was made concerning the plaintiff's title to the property which raised a doubt as to his right to recover. This difficulty the plaintiff sought to overcome by introducing his declaratory statement for a pre-emption claim, filed in the proper United States Land Office, bearing date April 25, 1888. He likewise introduced a receiver's receipt, of date December 16, 1890, for the entry of the same indentical land as a homestead under the federal statute. The conflict in the two evidences of title however was avoided by proof of a relinquishment on his part of the pre-emption filing, executed and acknowledged on the 13th of December, 1890. The suit was commenced on the 9th day of December, 1890, by the issue and service of a summons and the filing of a complaint, according to the provisions of the code. There are two obstacles to the affirmance of this judgment. The first comes from the proof offered concerning the injury, and the second grows out of the status of the title as the appellee proved it.

The allegations of the complaint very properly charged that the appellant corporation was the result of a consolidation between the two pre-existing corporate bodies. It was sought by apt averment to charge the Consolidated Company for the wrong done by one of the companies which it absorbed. The evidence, however, clearly failed to show by what corporation the ditch which occasioned the injury was constructed. In a case like the present where the plaintiff seeks to hold a corporate body responsible for the acts of a corporation included in it, it is incumbent upon him to make proof that the wrongs complained of were committed by that entity, because not otherwise under the statute can the re-

sultant body be held liable.  It is no violation of the well
established rules and principles of the appellate courts of
Colorado to treat this as reversible error, since the question
depends neither upon the weight nor the preponderance of
testimony, but is raised upon the broad ground of a complete
failure of proof in this essential particular.

The situation and condition of the title which Morris put
in evidence is equally conclusive upon his right to recover.
He brought his suit on the 9th day of December, 1890, at
which time according to the record he was in the possession
of the land under the pre-emption filing.

It is wholly unnecessary to determine the limit which the
law places upon his right to recover, in this sort of an action,
upon the basis of that kind of a title, though the question
seems to have been determined in *Knoth v. Barclay*, 8 Colo.
300.

The plaintiff failed to bring himself even within the terms
of that decision, since subsequent to the institution of his
suit he abandoned his pre-emption filing and initiated a new
title by a homestead entry, made four days after the com-
mencement of his suit.  It is very clear that since he volun-
tarily surrendered whatever title he had to the premises
subsequent to the bringing of his action, the suit could not
be maintained on the after-acquired title.  According to all
well settled rules the right of action must exist at the time
of the commencement of the suit.  Nor did the appellee
bring himself within any exception to this rule, by making
proof of any injury to improvements which were on the land
while it was in his rightful possession.  The record likewise
discloses, in this connection, an error committed by the
court in the receipt of evidence concerning the injury ante-
cedent to the inception of the title which the plaintiff him-
self put in evidence.  Clearly whatever damages he may
have sustained prior to his homestead entry, on the 13th
day of December, 1890, could not be recovered upon proof
simply of that title.  If he had any right to recover by rea-
son of the erection of improvements, or rightful occupancy

of the land, which would under the statute secure to him a cause of action for injuries of this description, it was incumbent upon him to make proof of such a title as would sustain the recovery. He completely failed in this particular, and the judgment cannot be upheld. There are other errors assigned and argued by counsel, but they are not likely to arise upon any subsequent hearing of this controversy, and it is wholly unnecessary to consider or dispose of them.

For the reasons assigned this judgment must be reversed and remanded for further proceedings in conformity with this opinion.

*Reversed.*