HAVERLY INVINCIBLE MINING CO. v. HOWCUTT.

Judicial power cannot be conferred by consent upon one not clothed therewith in the manner designated by law; nor can suitors by consent legalize the effort of such a person to act in place of a judge and perform his official duties.

*Appeal from County Court of Custer County.*

THE facts are sufficiently stated in the opinion.

Mr. GEORGE S. ADAMS, for appellant.

Mr. A. W. BRAZEE, for appellee.

HELM, J.　The original record in this case contains the following entry: "By agreement of the parties, this cause is heard by J. T. McNeely, Esq., sitting in place of the court." That portion of the record purporting to be a bill of exceptions is signed by J. T. McNeely　An examination of this so-called bill of exceptions discloses the facts that McNeely impaneled and instructed the jury, swore the witnesses, received the verdict, heard and overruled the motion for a new trial and rendered the judgment appealed from.　It is unnecessary for us to determine whether or not we should ignore the contents of this document entitled a bill of exceptions; for if we accept as correct the views of counsel, and treat it as surplusage and no part of the record, there yet remains in the record sufficient to apprise us of the fact that the court abdicated, for the time being, his office, and that a stranger attempted to perform the duties thereof.

We cannot presume that McNeely acted in the capacity of referee; no order of reference appears in the record, but on the contrary it is expressly declared therein that he was "sitting in place of the court." There is an entire absence of anything tending to show that the parties attempted to avail themselves of the provisions made for trials by referees.　The question presented for consideration, therefore, is: Can parties by consent confer judicial

power upon one who is not clothed therewith in the manner designated by law, or can suitors by consent legalize the effort of such a person to act in place of a judge and perform his official duties?

Our constitution vests the judicial power of the state, except as therein otherwise provided, in certain courts; the constitution and statute designate the qualification of the judges who shall hold such courts; also the method of electing or appointing them; how they may be impeached or removed, and how and by whom vacancies in judicial positions shall be filled. Ample provision is made by law for the trial of causes or the holding of terms in case of the sickness or absence of the presiding judge, or where he is a party to the action or is interested, or has been of counsel therein. But no authority is given in the constitution, and none could be given by statute, for parties litigant to choose whom they will for the purpose of sitting as a court in the trial of a given cause, and the judge himself cannot cast his "judicial robe upon the shoulders of any man" who might be acceptable to the parties in a particular suit. If this may be done in the county court, we perceive no reason why it might not be done in the district court; and if allowable in the latter, the members of this court might select three persons agreeable to litigants, abdicate this bench and review a given case by proxy; if they might review one case in this way, they might rid themselves of the work in a hundred. However agreeable such a method of transacting business would be to us and to other judges who might enjoy the respite from labor, we are compelled to condemn it as a clear violation of the spirit and letter of the constitution and statutes.

Judge Cooley, in his work on Constitutional Limitations, at page 399, says: "If the parties cannot confer jurisdiction upon a court by consent, neither can they by consent empower any individual other than the judge of the court to exercise his powers. Judges are chosen in

such manner as shall be provided by law; and a stipulation by the parties that any other person than the judge shall exercise his functions in their case, would be nugatory, even though the judge should vacate his seat for the purposes of the hearing." In support of our position, see the following additional authorities: *Winchester v. Ayres*, 4 G. Greene, 104; *Hoagland v. Creed et al.* 81 Ill. 506; *Bishop v. Nelson et al.* 83 Ill. 601; *Beard v. Converse*, 84 Ill. 513.

The transcript of a record filed in this court imports absolute verity; and in this case, had nothing appeared therein showing that McNeely presided at the trial, we would have ignored the error assigned upon the ground that he did so. But the record is not silent, and we must declare the error fatal.

We are not, however, to be understood as commending the moral conduct of appellant in presenting this question after having stipulated as he did for the trial of the cause in this way; had we jurisdiction of moral estoppels, our conclusions in this case might be different. A consideration of the remaining errors assigned is unnecessary. The cause will be reversed and remanded for a new trial.                                *Reversed.*