THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. CHARLES J. HULL, DEFENDANT IN ERROR.

1. **Res Adjudicata.** A previous ruling by the appellate court upon a point distinctly made, may be only authority in other cases, to be followed or affirmed, or to be modified or overruled according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves. *Phelan v. San Francisco*, 20 Cal., 39, quoted in Wells' Res Adjudicata and Stare Decisis, Sec. 613. *Hiatt v. Brooks*, 17 Neb., 33. *O'Donahue v. Hendrix*, Id., 287. *Leighton v. Stuart*, 19 Id., 546. *Nelson v. Bevins*, Id., 715. *Lane v. Starkey*, 20 Id., 586. *Mynning v. Detroit*, 35 N. W. R. (Mich.), 811.

2. **Railroads:** RIGHT OF WAY: EVIDENCE. In a trial where the defense consists of proceedings under the provisions of the statute for the condemnation of certain real estate to the use of a railroad company, evidence was offered tending to prove that said real estate was necessary to said company for the purpose of its business, which evidence was excluded. Evidence tending to prove the condemnation of the real estate by the railroad company was offered and received. It having been held in a former opinion of this court in the same case, that said condemnation proceedings as proved were ineffectual, on account of defects in the notices and other material matters of procedure, without considering and before arriving at the point as to whether the real estate in question was necessary to the railroad company or not, *Held*, That the fact of said real estate being necessary to the said company, as affecting its power to condemn, is ancillary to that of actual legal condemnation, and that actual legal condemnation not being proved, the exclusion of the evidence under consideration was not reversible error.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*O. P. Mason* and *Marquett & Deweese*, for plaintiff in error.

*Lamb, Ricketts & Wilson*, for defendant in error.

COBB, J.

This cause was before this court at the January, 1887, term. By reference to the reported case, 21 Neb., 371 *et seq.*, it will be seen that the action was brought in the court below by the plaintiff against the defendants, in the nature of ejectment, for the possession of lots 14, 15, 16, and 17 in block 70, in the city of Lincoln; that at the trial to the district court there was a finding and judgment in favor of the plaintiff in so far as lots 14 and 17 were concerned, and in favor of the defendant as to lots 15 and 16. In this court, so much of the judgment as was in favor of the plaintiff was affirmed, and so much of it as was in favor of the defendant was reversed, and the cause remanded to the district court for further proceedings. There was a new or second trial in that court to the court, a jury being waived by the respective parties, with findings and judgment for the plaintiff. The defendant, The Chicago, Burlington & Quincy Railroad Company, having made and submitted its motion for a new trial, which motion was overruled, again brings the cause to this court on error, and assigns the following errors:

1. The findings and judgment of the court are not sustained by sufficient evidence.

2. The judgment is contrary to law.

3. For error of law occurring at the trial, etc.

4. The judgment in this cause should have been in favor of the plaintiff herein instead of the defendant.

5. The judgment of the court is against the evidence and the law of the case. The court should have found the title to said lots and the right of possession in the plaintiff herein, instead of the defendant herein.

6. The court in overruling objections made to evidence offered by the defendant herein and admitting the same in testimony erred.

7. The court erred in sustaining objections made by the

defendant herein to evidence offered by the plaintiff herein, and excluding the same from the testimony.

8.   Under the law applicable to the case the defendant could not maintain ejectment in the recovery of possession of said lots.

9.   The law of the case is in favor of the plaintiff herein, and under the law and the evidence the judgment should have been for the plaintiff herein.

10.   The court erred in overruling the motion of the plaintiff herein for a new trial.

The first point presented and argued by plaintiff in error in the brief is that arising upon its objection to the remedy pursued in the action by the defendant in error in the the court below.   In other words, that the plaintiff below was limited to the statutory remedy given the owners of land for injuries sustained by the taking of the same by railways, and that an action in the nature of ejectment would not lie for such taking.   This point was distinctly presented in this case when it was first before this court, and distinctly decided.   Under the well-known rule of *stare decisis,* that decision remains the law of this case. See *Hiatt v. Brooks,* 17 Neb., 33, cited by counsel for defendant in error.

The second point presented by counsel in the brief is, that the plaintiff in error had acquired title in the lots in question by ten years' continued adverse possession thereof.   This point was also raised, presented to this court, and distinctly decided upon the former trial.   In the 8th point of the syllabus of the report in that case the court say :   " Within the ten years last preceding the commencement of the action the railroad company sought to condemn the property to its use, under the provisions of the statute for the condemnation of real estate.   These proceedings were instituted against the real owner by name, and the condemnation money deposited with the county judge for him.   It was *Held,* That these proceed-

ings amounted to a recognition of the ownership of the person against whom they were instituted, and would arrest the running of the statute, even though the proceedings were void for want of jurisdiction by reason of a failure to comply with the law in the publication of the notice." Therefore what is said above in regard to the first point raised in the brief is equally applicable to the second point. The syllabus of the former case is the settled law of the case, and it would be idle to discuss here the correctness of the principles of law there laid down.

Upon an examination of the bill of exceptions, it appears that the proceedings and evidence in the second trial were identical with those of the first, with the exception that on the second trial there was additional evidence in reference to, and explanatory of, the alleged withdrawal of the condemnation money paid in to the county judge upon the first proceeding for condemnation. The effect of this withdrawal was discussed in the former opinion, and constitutes the ground of the fourth clause of the syllabus, but logically it formed no part of that opinion. It was the condemnation proceedings of 1880, or last effort at condemnation, including the payment of condemnation money thereunder by the plaintiff in error, which, according to that opinion, arrested the running of the statute of limitations upon the alleged adverse possession of the plaintiff in error. It would therefore avail nothing to discuss the effect of the new evidence in explanation of the withdrawal of the condemnation money paid in upon the proceedings of 1875.

The third and fourth points discussed by plaintiff in error in the brief arise upon the exclusion by the trial court of certain evidence offered by the plaintiff in error on the trial in regard to the necessity to the railroad of plaintiff in error of the buildings erected on the lots in controversy, and the purpose for which the plaintiff in error received moneys from its tenants for the occupancy

of said lots. It is doubtful whether any question arose under the pleadings under which evidence upon either of the above named matters was admissible, but it is quite certain that neither the case as presented by the plaintiff, or the defense as made by the defendant, ever reached a point where such evidence was available to the defendant in the court below, thereby making its exclusion by the court reversible error. This was an action in the nature of ejectment. Upon the trial the plaintiff introduced his evidence of title and rested. The defendant then offered evidence tending to prove adverse possession of the lots by the defendant for the period of ten years; also that the lots were necessary to the railroad company in the conduct of its business, and that rent was charged to Messrs. Humphrey Bros. for the use of the building situated on the lots only for the purpose of keeping down local taxes levied on the lots, but that the chief purpose of the railroad company in allowing them the use of the property was to facilitate their large shipping business over its line of road. Some of this evidence was admitted, and part of it excluded. The plaintiff in error here, railroad company, then offered in evidence the county judge's record of its proceedings for the purpose of the condemnation of the said lots to the use of its railroad; also the county judge's record of the proceedings of the Nebraska Railway Company for the condemnation of the said lots to the use of its railroad. Which records in both cases were received in evidence. Whereupon the defendant rested.

Had the defense of ten years' adverse possession been sufficiently proved and established to the satisfaction of the trial court, or of this court, evidence that said lots were necessary to the railroad company for the purpose of carrying on its business would not have been required, as such length of adverse possession would have constituted a sufficient defense of itself. Neither do I see the relevancy of evidence of the purpose for which the railroad

company received rent from persons occupying the lots under it. The receipt of such rent for any purpose would not make such occupancy by the tenant either more or less the possession of the landlord.

As to the defense founded upon condemnation proceedings: Had it been otherwise complete, evidence that the lots were necessary to the railroad company for the purposes of its business would have been relevant and admissible, for the reason that such company under the law is only authorized to "take, hold, and appropriate so much real estate" by condemnation proceedings as may be "necessary for the location, construction, and convenient use of its road," etc. Comp. Stat., Ch. 16, Sec. 81. But such evidence in a trial like the one we are now considering is only ancillary to the proof of such condemnation, and only applicable upon such proof being otherwise complete.

In the former opinion in this case the condemnation proceedings of 1875, as well as those of 1880, were held to be ineffectual, on account of defects in the notices, and other material matters of procedure, without considering, and before arriving at the points as to whether the use of the real estate in question was necessary to the railroad company or not. Adhering to the law as there laid down by the court, as we must under the rule hereinbefore stated, there is no escape from the conclusion that there is no reversible error in the exclusion of the evidence under consideration.

I do not deem it necessary to add anything to what is above said in regard to the exclusion of evidence offered as to the purpose for which the railroad company received rent for occupation of the buildings situated on the lots in question.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.