## APRIL TERM, 1890.

PEOPLE EX REL. RUCKER V. DISTRICT COURT OF ARAPA-
HOE COUNTY.

1. WHEN WRIT OF MANDAMUS WILL LIE TO SUBORDINATE COURT, AND
EXTENT OF ITS FUNCTIONS.— The writ of *mandamus* may be used
to command a subordinate court to proceed to judgment; but
when the act to be done is of a judicial or discretionary character,
the kind of order or judgment to be rendered cannot be thus con-
trolled or directed. The writ cannot properly usurp the functions
of a writ of error, or take the place of an appeal; nor will it lie
against a subordinate court unless it be clearly shown that such
court has refused to perform some manifest duty.

2. WHEN TWO OR MORE DISTRICT JUDGES MAY ACT TOGETHER.— In
this state two or more district judges cannot lawfully sit and act
together as a district court except as they sit in bank for the pur-
poses specified in the act of April 2, 1887.

Messrs. C. I. THOMPSON, H. B. JOHNSON, S. D. WALL-
ING and A. W. RUCKER, for petitioner.

Messrs. L. S. DIXON, C. J. HUGHES, Jr., and GEO. J.
BOAL, for respondent.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This is an original application to this court upon peti-
tion and notice for a writ of *mandamus* against the dis-
trict court of Arapahoe county. The cause is submitted
upon the petition and answer. There is but little con-
flict between the allegations of the two pleadings; but to
the extent they differ, the averments of the answer, not
being controverted, must, for the purposes of this hear-
ing, be taken as true.

The facts necessary to an understanding and determi-
nation of this application, as disclosed by the petition
and answer, are substantially as follows: The district

court of Arapahoe county has four judges, and holds three terms of court a year, commencing in January, April and September, respectively. The relator, Rucker, as plaintiff, commenced an action in said court against Young and others, as defendants, to enforce the specific performance of an alleged contract in reference to an interest in a certain mining claim in Pitkin county, Colorado, and for other relief. Said cause came on for hearing at the September term, 1889, before Hon. Thomas B. Stuart, one of the judges thereof; and at the same term the court made certain findings of fact, and rendered a certain decree in favor of the plaintiff in said cause, by which it was ordered and adjudged, *inter alia*, that an accounting be had between the parties in said cause; that one A. B. Seaman, Esq., be appointed referee to take the accounting, and also to take testimony, and ascertain a proper description by metes and bounds of that portion of the mine in litigation, and to make report to the court concerning his actings and doings in the premises within ninety days from the date of said decree. The cause was thereupon continued for further proceedings.

Shortly after rendering said decree, and at the same term of the court, the defendants Young *et al.* filed their motion for a new trial. The motion was continued till the succeeding January term of the court, when, the term of office of Judge Stuart having expired, the motion was, by consent of parties, heard before Hon. W. S. Decker and Hon. George W. Allen, two of the judges of said district court. The motion having been submitted, it was afterwards, and at the April term of said court, 1890, ordered by the said Judges Decker and Allen that said decree be set aside and for naught held, and that the cause stand for further proceedings before the court.

Shortly thereafter, at the same term of the court, and before taking any other step in the litigation, plaintiff, Rucker, filed his motion in said cause, asking the court to fix the time when the testimony to be taken before

said referee should be closed and the report made, and to direct the referee to proceed with all due dispatch. This motion was filed upon the theory that the hearing and order for a new trial was a nullity, inasmuch as the statute requires the judges to "sit separately for the trial of causes and the transaction of business."

The motion to expedite the proceedings before the referee, having been heard in said district court before Hon. David B. Graham, one of the judges thereof, was denied. By the petition herein we are now asked to grant a writ of *mandamus* against said district court, commanding it to vacate, set aside and expunge from its records the aforesaid order made by Judges Decker and Allen, granting a new trial in said cause, and commanding said court to fix a time when the testimony shall be closed and report made by the referee as aforesaid.

The grounds upon which a superior court exercises jurisdiction by *mandamus* to control or direct the proceedings of subordinate courts have been so thoroughly elucidated by judicial authority, and are so well understood, as to require no extended discussion. The writ of *mandamus*, in modern practice, takes the place of the ancient writ of *procedendo ad judicium*, by which a subordinate court was commanded to proceed to judgment, that is, to hear and determine a cause or matter properly brought before it for adjudication; but when the act to be done was of a judicial or discretionary character, the writ was not used to control or direct the kind of order or judgment to be rendered. The writ of *mandamus* cannot properly usurp the functions of a writ of error, or take the place of an appeal; nor will it lie against a subordinate court unless it be clearly shown that such court has refused to perform some manifest duty. *Union Colony v. Elliott,* 5 Colo. 371; High. Extr. Rem. §§ 147–149, 188; Mos. Mand. 19 *et seq.*

Applying the foregoing principles to the circumstances of the present case it is unnecessary to determine the

character of the motion for a new trial filed by the defendants Young *et al.;* for, whether it be the statutory motion, which may be interposed as a matter of right "after trial and decision" in every civil action, as provided by chapter 17 of the code, or whether it be regarded as a petition for rehearing in an equitable action, sometimes allowable in the sound discretion of the court, at an interlocutory stage of the controversy before the final decision thereof, the motion having been interposed in good faith, either party was entitled to have it disposed of, and until disposed of the court is not bound, as a matter of right, to proceed with the litigation by making any order to expedite the consideration of the case by the referee. It follows, therefore, that if the order made by Judges Decker and Allen granting a new trial in the case of *Rucker v. Young et al.* is, as contended by counsel for relator, an absolute nullity, then the motion for a new trial, or petition for a rehearing, remains undisposed of, and plaintiff is not entitled, as we have seen, to proceed with the litigation before the referee. If the order made by the two judges was valid, then the interlocutory decree by which the referee was appointed has been vacated, a rehearing has been granted, and the trial cannot proceed before the referee, but must be recommenced *de novo.* If the order made by the two judges be merely erroneous or irregular, then the remedy must be by some other proceeding than *mandamus,* so that upon whatever theory the application for a writ of *mandamus* in this case is based it cannot be sustained.

Though we might do so, it would hardly be excusable to conclude this opinion without determining which of the foregoing theories is the true one. To leave conclusions thus hypothetically expressed would be to embarrass, rather than aid, the district court by the decision. The question, moreover, is fairly involved in the record, has been ably argued by counsel, and is of much practical importance. Upon due consideration we feel constrained

to say that two or more district judges cannot lawfully sit and act together as a district court, except as they sit in bank for the purposes specified in the act of April 2, 1887. The first section of that act reads as follows:

"In any district court composed of more than one judge, each of said judges shall sit separately for the trial of causes and the transaction of business, and shall have and exercise all the powers and functions, as well in vacation of court as in term time, which he might have and exercise if he were the sole judge of said court." Sess. Laws 1887, p. 260.

Section 3 of said act provides that the judges may sit in bank for certain specified purposes, and "for no other purpose whatever." The language of the act, as well as the manifest object of providing additional judges of the same court, leave no room for construction as to the mode in which the judges are required to sit and transact business. In the trial of causes, and in the hearing and determination of any matter of purely judicial cognizance pending in the district court, each judge must sit and act alone. He must exercise all the powers and functions of the court and assume the full responsibility in the decision of each and every cause, demurrer, motion, and the like, coming before him for adjudication, as if he were the sole judge of said court. Two or more judges, by sitting together, cannot share or divide such responsibility. They cannot thus jointly hear and determine, and render a valid and binding judgment or order in any cause. It is not to be inferred from this that every order in a civil action thus made by consent of the parties, and afterwards accepted and acted upon by them without objection, can be repudiated at any subsequent stage of the litigation. Such question is not before us. In this case it appears that, though the parties consented to the hearing of the motion before the two judges, they did not acquiesce in the decision thereof, but promptly repudiated it; and, inasmuch as the record affirmatively

shows that the hearing was had and the decision rendered by the two judges, the order in such form cannot be sustained. It is *coram non judice* upon its face. *State v. Tolle*, 71 Mo. 645; *Duryea v. Traphagen*, 84 N. Y. 652; *Courson v. Browning*, 78 Ill. 209; *Mining Co. v. Howcutt*, 6 Colo. 574.

It follows from the foregoing views that the motion for a new trial in *Rucker v. Young et al.* remains pending and undisposed of, to be hereafter heard and determined by the court in the regular exercise of its jurisdiction, and that the application for a *mandamus* must accordingly be denied.

*Application denied.*

| 14 | 401 |
| 14 | 417 |

| 14 | 401 |
| 17 | 250 |

| 14 | 401 |
| 18 | 558 |

| 14 | 401 |
| 21 | 49 |
| 21 | 152 |
| 22 | 175 |
| 5a | 459 |

| 14 | 401 |
| 23 | 75 |
| 23 | 262 |

| 14 | 401 |
| f26 | 360 |
| f26 | 374 |

| 14 | 401 |
| 28 | 440 |
| 28 | 441 |

| 14 | 401 |
| 32 | 313 |