Colorado M. R'y Co. v. Brown ET AL.

15　193
12a　296

1. EMINENT DOMAIN — MEASURE OF OWNER'S RECOVERY.— In proceedings under the act of eminent domain in this state the proper measure of the owner's recovery is: (1) Compensation for the land or property actually taken equal to the true and actual value thereof at the time of the appraisement. (2) Damages to the residue of the land or property equal to the actual diminution of its market value, if any, for any use to which the same may reasonably be put.

2. SAME — EVIDENCE — INSTRUCTIONS.— In arriving at the value of the property taken, and the damages, if any, to the residue, all evidence having a bearing upon the compensation and damages to be awarded is admissible. With proper instructions from the court we must presume that the jury do not draw improper inferences from competent evidence.

3. SAME — INTENTION TO REPAIR DAMAGE NO DEFENSE.— It would be an unsafe rule to prevent the owner from recovering the actual damages done to the residue of his premises by the mere declaration of a witness that it was the intention of the party doing the injury to repair the damage at some future time.

4. SAME — DAMAGE NOT OBJECTED TO, GOOD ON APPEAL.— Where evidence in relation to certain damage is admitted without objection or exception at the trial, the propriety of including such damage, if any, in the assessment, cannot be questioned on appeal.

VOL. 15 — 13

*Appeal from District Court of Pitkin County.*

THIS is an appeal from a judgment awarding compensation and damages to appellees for a strip of land through their premises taken for right of way for appellant's railroad.

Messrs. H. T. ROGERS, A. E. PATTISON and WILSON & STIMSON, for appellant.

Mr. C. W. FRANKLIN, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error are very numerous, but counsel in their printed argument have very considerately abandoned most of them. This practice is to be commended. In the hurry of a trial at *nisi prius* many exceptions are often taken which counsel find are of no avail when they come to prepare briefs for the appellate court. By frankly withdrawing all assignments except such as are seriously relied on, counsel save themselves and the court of review much unnecessary labor, and secure attention more readily to the important matters involved in the record. It is often hard to find a kernel of wheat in a bushel of chaff.

The matters discussed in the brief of counsel relate solely to the admission and rejection of evidence. From the evidence it appears that the premises through which appellant sought to condemn a right of way were situated on the Roaring Fork river, and were occupied and used by appellees for a planing-mill and lumber-yard, and that it was necessary to keep large quantities of lumber stored upon the premises. The location was peculiarly available and valuable as a mill-site on account of its water-power, which could be used for operating different kinds of machinery.

Appellees were permitted to show the market value of the water-power, and its adaptability to the operation of mining machinery and electric motors in and about the city of Aspen, although such uses had not been actually ar-

ranged for at the time. They were also allowed to show the cost of making certain changes in the flume which it was claimed would be rendered necessary by the construction of the railroad at the place designated, and also to show the loss which would be thereby occasioned to the water-power. Evidence was also admitted showing the quantity and value of the lumber stored on the premises, and the cost of removing the same to a place less exposed to the increased danger from fire which the construction and operation of the railroad would occasion. To the admission of these several matters of evidence objections were interposed by counsel for appellant on the ground that the same were entirely speculative, and furnished no proper criterion for the assessment of compensation and damages.

In proceedings under the act of eminent domain in this state, the owner's recovery is not limited to the value of the property for the special use to which it is devoted at the time of the taking or trial, nor to any particular use. The value of property must necessarily be a matter of opinion, and is, therefore, always somewhat speculative. The proper measure of the owner's recovery is:

(1) Compensation for the land or property actually taken equal to the true and actual value thereof at the time of the appraisement.

(2) Damages to the residue of the land or property not taken, equal to the actual diminution of its market value, if any, for any use to which the same may reasonably be put; and in determining such damages the use to which the property taken is subjected, and the loss and inconvenience thereby occasioned, may be taken into consideration, as the construction and operation of a railroad. Eminent Domain Act (approved February 12, 1877), § 17; *City of Denver v. Bayer,* 7 Colo. 113; *Railroad Co. v. Allen,* 13 Colo. 229; Lewis, Em. Dom. §§ 478–487; *Railway Co. v. Vance,* 115 Pa. St. 331; *Johnson v. Railway Co.* 111 Ill. 413; *Weyer v. Railroad Co.* 68 Wis. 180.

From the foregoing rules and decisions it will be ob-

served that in arriving at the value of the property taken, and the damages, if any, to the residue, a wide range of evidence is admissible. It must be conceded that the matters admitted in evidence on the trial of this case, as above stated, have some bearing upon the compensation and damages to be awarded by the jury, though, without proper instructions from the court, the jury might be misled by such evidence. But as counsel do not urge in argument anything against the charge, and as upon examination the instructions appear to be full and fair, we must presume that the jury did not draw improper inferences from the evidence.

It was shown in evidence in behalf of appellees that appellant, while constructing its road-bed, rolled or deposited certain large boulders upon the land of appellees, some of them so large that it took six mules to move them out of the excavation. The amount of appellees' land covered by the deposit of the boulders is not shown in the record, though it was pointed out on the map at the trial. On the part of appellant, one witness testified that these boulders were deposited outside "temporarily, waiting for the track to be laid in' order to take them off." The withdrawal of this latter testimony from the jury on motion of appellees is assigned for error. It would be an unsafe rule to prevent the owner from recovering the actual damages done to the residue of his premises by the mere declaration of a witness that it was the intention of the party doing the injury to repair the damage at some future time. No injustice was done by striking out this testimony. It was not shown nor offered to be shown that the boulders were ever removed by appellant; and, if appellees are allowed to recover for such damage, appellant cannot be required to remove the boulders. *Dorlan v. Railroad Co.* 46 Pa. St. 520.

It has been suggested, though not in the briefs of counsel, that the damage occasioned by depositing the boulders upon the lands of appellees is not recoverable in a proceeding of this kind on the ground that such damage cannot be

reasonably foreseen or anticipated as a consequence from the construction or operation of the railroad. *Water Co. v. Middaugh*, 12 Colo. 438. Undoubtedly, if the trial and assessment of damages in the proceeding had taken place before the construction of the road, and the boulders had afterwards been thrown upon the land, appellees would not have been precluded from maintaining an independent suit for the trespass. But, as the damage was thus occasioned before the trial, it is not so clear that appellees must resort to a separate action therefor. It is unnecessary, however, to determine this question, for the evidence in relation to the boulders having been admitted in behalf of appellees in the court below, without objection or exception, the propriety of including such damage, if any, in the assessment, cannot be questioned on this appeal. Counsel doubtless desired that whatever liabilities appellant was responsible for should be settled in one suit, and so did not raise the question above suggested.

The judgment of the district court is affirmed.

*Affirmed.*