THE PEOPLE EX REL. ROSENFELD V. GRAHAM, DISTRICT
JUDGE.

1. JUDGMENT — CONDITIONS FOR ENTRY ILLEGAL.— A court has no right
to require as a condition precedent to the entry of final judgment
that a part of said judgment be first paid.
2. MANDAMUS TO JUDICIAL TRIBUNALS.— The writ of *mandamus* can-
not be used to control judicial discretion, but it may properly be
invoked to command a subordinate court to proceed to judgment.

*Petition for Mandamus.*

Messrs. WELLS, McNEAL & TAYLOR, for petitioner.

MR. JUSTICE HAYT delivered the opinion of the court.

This is an original application for a writ of *mandamus* to
be directed to the respondent, commanding him as one of
the judges of the second judicial district to enter a decree
in a case pending in said court. It is not necessary to de-
termine any question of fact upon this application. It ap-
pears that some time in the month of August, 1889, an
action was commenced in the district court of Arapahoe
county by petitioner as plaintiff, against Katie J. Rosenfeld,
as defendant. The action was for the purpose of dissolv-
ing the bonds of matrimony existing between plaintiff and
defendant. The defendant, Katie J., appeared in said cause
and answered the complaint, denying all the material aver-
ments thereof. Shortly after the institution of the action
an order was made by the district court requiring the
plaintiff to pay defendant a certain sum per month as tem-
porary alimony, and an allowance for counsel fee was also
made.

Afterwards the case was called for trial before respond-
ent and a jury. Both parties to that suit were present in
person and by attorney, and a trial was regularly had, re-
sulting in the jury finding the issues for the plaintiff.
Thereafter a motion was made to set aside said verdict and
for a new trial, which motion was by said judge overruled,

and the case coming on further to be heard, the judge rendered a decision to the effect that the plaintiff in said suit was entitled to a decree dissolving the bonds of matrimony between the plaintiff and defendant, and "that the defendant should be awarded the sum of $5,000 as permanent alimony." Plaintiff had previously been required to pay for the use of the defendant the sum of $500 as counsel fees, and also alimony *pendente lite*, first at $75, and then at $100 per month. It affirmatively appears that all these sums had been paid prior to the time the case was reached for judgment. Respondent, after outlining his decree, refused to enter the same unless $1,000 of the $5,000 awarded the defendant should be first paid, and afterwards prepared a written decree, inserting said condition therein, but refusing to sign the same until the condition should be complied with.

The sole question raised upon this application relates to the right of the district court to require, as a condition precedent to the entry of any judgment, the payment of the said sum of $1,000. From the written opinion of the judge filed at the time, it appears that said condition was attached for the reason that the judge was of the opinion that the money would not be otherwise paid. We do not think the court had any authority to attach such condition. The case had already proceeded to a stage at which it became the duty of the court to enter a final decree from which an appeal could be taken. An appeal can be taken only from a final judgment, and courts cannot be permitted to withhold such judgment and refuse to pronounce the same unless a part of the proposed judgment be first paid, for this, in effect, would be to make the right of an appeal depend upon a compliance with conditions not authorized.

The conditions upon which an appeal may be taken are prescribed by statute, and additional burdens cannot be imposed by a court as conditions precedent to its exercise. *People ex rel. v. Quinn, County Judge*, 12 Colo. 473.

At an earlier period in the case the court refused to pro-

ceed until its order in reference to alimony *pendente lite* had been fully complied with. Its right to impose such condition is undisputed, the plaintiff being able to comply. But as we have seen, at that time the case was ripe for a final decree; all former orders of the court had been fully complied with. It will be time enough to enforce the provisions of the proposed final decree when in fact it becomes the decree of the court. The district court, by its conduct, is placed in the attitude of refusing to proceed to judgment in the cause. While the writ of *mandamus* cannot be used to control judicial discretion, it may properly be invoked to command a subordinate court to proceed to judgment as is prayed in this case.

Let the peremptory writ issue.

*Writ awarded.*