PEOPLE EX REL. COFFEY ET AL., RELATORS, v. THE JUDGE OF THE DISTRICT COURT OF BOULDER COUNTY, RESPONDENT.

1. REMEDY BY MANDAMUS.

When the supreme court reverses a cause and directs the lower court to enter a particular judgment, the writ of mandamus is a proper remedy to compel obedience to such mandate; but the reversal of a cause, with directions for further proceedings in accordance with the opinion of the supreme court, is not necessarily equivalent to a reversal with directions to enter a particular judgment.

2. DISTINCTION BETWEEN WRITS.

The writ of mandamus will not be allowed to usurp the office of a writ of error, nor will it be made use of to anticipate an erroneous decision by a subordinate court.

3. WRIT OF PROCEDENDO AD JUDICIUM.

A subordinate court may be required to proceed to judgment by writ of mandamus; but such writ will not be awarded unless it appears that the lower court refuses or is unwilling to proceed with the determination of the matter before it.

*Original Application in this Court for Writ of Mandamus.*

Mr. J. B. BELFORD and Mr. F. J. GALLOWAY, for relators.

Mr. L. C. ROCKWELL, for respondent.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Relators were plaintiffs in error in the action for specific performance reviewed in *Coffey et al. v. Emigh et al.*, 15 Colo. 184. They now ask for a writ of mandamus from this court to compel the district court of Boulder county to enter a decree, requiring the specific performance of the written agreement considered in that cause in conformity to the decision and opinion rendered therein by this court.

1. When this court reverses and remands a cause with directions to the lower court to enter a particular judgment, and the lower court, either from mistaking the meaning of the

mandate, or for other cause, refuses or unreasonably delays entering such judgment after proper demand therefor, a writ of mandamus from this court is a proper remedy to compel obedience to such mandate.   High's Extraordinary Remedies, § 255; Merrill on Mandamus, § 189; *Ex parte Dubuque & Pac. R. R. Co.*, 1 Wall. 69; *Duffitt v. Crozier*, 30 Kans. 150; *Gray v. Circuit Judge*, 49 Mich. 628; Freeman on Judgments, § 249; *C. B. & Q. R. R. Co. v. Hull*, 24 Neb. 740.

The *Coffey-Emigh Case*, 15 Colo. 193, was not remanded with directions to enter a particular judgment; it was remanded *for further proceedings in accordance with the opinion of this court as expressed in the judgment of reversal.*   Neither the opinion nor the judgment contained any other or further specific mandate.   According to such opinion, petitioners were entitled, upon the remanding of that cause, to have a decree entered requiring the specific performance of the written agreement upon which the action was founded, unless some new matter affecting the substantial rights of the parties, and not inconsistent with the opinion thus rendered, should be properly brought before the court for consideration before the final determination of the controversy.   Such decree would doubtless have been rendered, if petitioners had demanded the same in reasonable time, without doing or allowing anything to be done which could be considered as impairing or clouding their rights in the premises as declared by the former opinion of this court.

But it appears that more than two years were suffered to elapse before petitioners made any specific demand for the rendition of such decree.   It is now claimed by the answer in this proceeding that in the meantime petitioners so dealt with the property in controversy that one Lewis C. Rockwell acquired an interest in such property adverse to petitioners; and also that, before petitioners made any specific demand for the rendition of the decree, said Rockwell appeared in said district court, and upon due notice to petitioners, presented his petition of intervention, setting forth his claim to the property; and that for such reason the district court now

declines to render the decree indicated by the former opinion of this court.

2. Under the circumstances, we are of the opinion that the writ of mandamus should not issue in this case. In arriving at this conclusion we must not be understood as determining, or even intimating, that Mr. Rockwell was or is entitled to intervene in petitioner's cause, or that his intervention. petition states facts sufficient to entitle him to any relief in the action, or that he has gained any interest whatever *in that portion of the mining property* which by the former opinion of this court was declared to be, in equity, the property of petitioners ; nor must we be understood as intimating that petitioners may not still be entitled to their decree of specific performance as indicated by such former opinion, notwithstanding anything in said petition of intervention alleged. In other words, we do not pass upon the *status* of the intervenor, nor upon the sufficiency of his petition. To consider and determine such matters in a proceeding of this kind would be to allow a writ of mandamus to usurp the office of a writ of error. All we decide upon this application is, that inasmuch as the former opinion of this court did not contain a specific mandate to enter a particular judgment, and petitioners delayed securing their decree in accordance with such former opinion until the district court had taken cognizance of the petition of intervention, therefore, even though such petition may be entirely insufficient to affect petitioners' rights in the premises, the proper way now is for petitioners to proceed in the district court to a final determination of such intervention. High's Extraordinary Remedies, §§ 257, 269.

The writ of mandamus may, in a proper case, take the place of the ancient writ of *procedendo ad judicium*, by which a subordinate court was required to proceed to judgment. But it does not appear that such writ is necessary in this instance, since it is not alleged that the district court refuses or is unwilling to proceed with the determination of the petition of intervention. *People v. District Court*, 14 Colo. 398 ; *People v. Graham*, 16 Colo. 347.

It does not appear that petitioners have ever challenged the sufficiency of the petition of intervention in the district court, nor that they have sought to have such petition disposed of in any manner, except to have the same ignored or treated as a nullity, and hence no obstacle to the entry of the decree which they demand. This the district court refused. If the district court on final hearing shall wrongfully sustain the intervention, its error may be corrected by the ordinary methods of appellate procedure; but an erroneous decision is not to be anticipated by a resort to the extraordinary writ of mandamus. The application for such writ is denied.

*Writ denied.*