## MCGARVEY v. HALL.

JUDICIAL POWER—SPECIAL JUDGE.

Neither the court nor the parties to an action can empower a private citizen to preside as judge at the trial or exercise judicial authority in the case.

*Appeal from the District Court of San Miguel County.*

Mr. S. D. CRUMP, for appellant.

Mr. JOHN GRAY, Mr. LOU R. SMITH and Mr. GEORGE T. SUMNER, for appellee.

THOMSON, J., delivered the opinion of the court.

The record in this case discloses the following facts: The trial was commenced before Hon. T. A. Rucker, judge of the ninth judicial district, who presided at the request of Hon. W. H. Gabbert, judge of the court in which the cause was pending; the latter being disqualified by reason of his having been the defendant's counsel in the case. After a jury had been impaneled, and a portion of the testimony heard, sickness in Judge Rucker's family compelled him to leave, and it was agreed by the parties that H. M. Hogg, Esq., an attorney at law, should act as judge, and that the remainder of the testimony should be heard, and the trial concluded, before him. Mr. Hogg accordingly took charge of the trial at the point where Judge Rucker left it, heard the evidence, instructed the jury, received their verdict, overruled a motion for a new trial, and rendered final judgment. We are asked to review this judgment on error.

The judgment is an absolute nullity. It is not a judgment. Mr. Hogg could not act as judge. He could not be empowered either by the court itself, or by the parties, to preside as judge at the trial, or exercise judicial authority

in the case. *Haverly I. M. Co. v. Howcutt*, 6 Colo. 574. There was no trial and no judgment, and there is nothing for us to review. The appeal will be dismissed, and the cause remanded for trial.

*Dismissed.*