[No. 4751.]

THE PEOPLE EX REL. DU BOIS v. THE DISTRICT COURT OF ARAPAHOE COUNTY ET AL.

**Appellate Practice—Mandate—Mandamus.**

Where a cause was reversed and remanded to the trial court for a new trial, and the question of amending the pleadings was not passed on by the appellate court, the allowance of an amendment was within the jurisdiction of the trial court; and, if the court erred in allowing such amendment, its action may be reviewed on appeal or error, but the court will not be prevented by mandamus from allowing the amendment.

*Original Proceeding on Application for Mandamus.*

Messrs. STUART & MURRAY, for petitioners.

Mr. T. J. O'DONNELL and Mr. L. F. TWITCHELL, for respondents.

*Per Curiam.*—*Dubois v. Bowles,* 30 Colo. 44, was remanded for trial upon certain designated issues. In the court where the cause is now pending, application was made on the part of defendant Bowles for leave to file an amended answer. Over the objection of plaintiffs, this amendment was permitted. Plaintiffs contend that the amendment changes the issues remanded for trial, in that new questions are injected into such issues, and new parties brought in, and they now apply to this court for a writ of mandamus, directing the court to try such issues as made by the pleadings when judgment was entered here. It is the duty of trial courts to yield obedience to the mandates of this court, and in proper cases, they may be compelled to do so by mandamus; but the case stated by petitioners is not of that character, for the reason that the trial court is not disobeying our mandate. The question of whether or not the pleadings could be amended on the issues remanded for trial was not before us. Nothing was said on that subject. Whether or not such an amendment is permissible is an open question, so far as any mandate of this court is concerned, within the jurisdiction of the trial court to determine. If it has erred in allowing the amendment, that question cannot be tested by mandamus. Mandamus lies to compel a subordinate court to exercise its jurisdiction, but not to correct errors committed in the exercise of such jurisdiction.—*People ex rel. v. District Court,* 18 Colo. 500; *People ex rel. v. District Court,* 14 Colo. 396; *State ex rel. v. King,* 32 Fla. 416; *Ex parte Whitney,* 13 Peters 407.

On behalf of petitioners it is claimed that if they yield to the order of the district court in permitting the amendment, and make new issues, that then they would waive their right to have the question of the alleged error of the district court in allowing such amendment reviewed. This view is not tenable. If the district court in retrying the issues remanded, commits error, such action, if exceptions are duly preserved, may be reviewed on appeal or error.— *People v. District Court*, 29 Colo. 365.

*Writ denied and proceeding dismissed.*