[No. 6227.]

HOOVER-BENNINGHOFF ET AL. v. TOWN OF PALISADE.

1.  **Eminent Domain — Evidence — Relevancy —** Where it is sought to condemn for public uses a water right appropriated to the irrigation of lands, leaving the land without water, the condition of the fruit trees growing upon the land, and the quantity and quality of the fruit which they bear, is relevant.— (67)

So, though the land owner has a decreed appropriation for a certain volume, it may be shown that the source of supply does not furnish this volume.— (67)

So, that the land is rocky, badly washed in places, and inaccessible.— (67)

2.  ——Where Appeal Lies—When the commissioners have presented their report and the court has approved it, denying a motion to vacate the award of damages, the land-owner is at once entitled to an appeal, and the court has no authority to enter a conditional judgment.—(69, 70)

But the judgment is without effect for good or evil, the appeal being not from the judgment, but from the award of the commissioners approved by the court.—(70)

3.  Appeals—Harmless Error — The admission in evidence before commissioners under the eminent domain act of the valuation of the land by the county assessor, was held harmless, it appearing that the commissioners could not have been influenced by it.—(68)

The approval of the award of the commissioners is a final determination, and authorizes an appeal.  The entry of a conditional judgment authorizing possession to be taken upon payment into court of the damages awarded within a specified time, is without effect, and harmless.—(70)

*Appeal from Mesa District Court*—Hon. THERON STEVENS, Judge.

Mr. STRAUD M. LOGAN, for appellant.

Messrs. WHEELER & WISER, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought under the statutes of eminent domain by the town of Palisade to condemn a water right with which to supply the town with water for domestic use and fire protection.  Three commissioners were appointed, as provided by statute, to appraise and determine the damages and compensation to be allowed the owner.  This was fixed by the commissioners at $4,000.00 for the water right and $8,500.00 for consequential damages accruing to the land on which the water was used.  The owners are not satisfied with the award of $12,500.00 and are here assigning various errors relating to the admission of testimony before the commissioners, saying, in effect, that the evidence on the part of the

(5)

town was practically all incompetent, irrelevant and immaterial, and that the evidence on the part of the owner was the only competent and reliable evidence offered, and for that reason the award should be from $24,000.00 to $27,000.00. One of the witnesses for the owner, whose testimony tended to show that the award should be about $25,000.00, based on values of other lands in the vicinage, said that the values he was testifying to, or asked about, were uncertain and much inflated. As these values were based upon about the same matters as the values testified to by the other witnesses for the owner, the commissioners no doubt felt that the values sought to be established by the owner were inflated and not real. On the other hand, one witness for the town said the land with the water was worth $5,000.00 or $6,000.00, another from $7,000.00 to $10,000.00, others placed it higher. Thus is presented the maze of differing opinions usual in cases wherein value is sought to be established. Giving the appellants the benefit of the rules of evidence they invoke, their assignments of error will be considered. The burden of their complaint is that a great deal of the testimony on behalf of the town related to the condition of the trees upon the land, the profits therefrom, the amount of water that was used at various times for the irrigation thereof by means of the water right, and other evidence of like character. They say that such evidence was incompetent in measuring the value of the land. Strictly speaking, it was the value of the water right, the property taken, that was to be ascertained, together with the damages to the land by reason of the taking. The land was not taken. They insist, however, that without the water right the land is worthless, and that, therefore, they are entitled to the value of the land with the water right. Giving them again the benefit of their claim, to avoid contention, it ap-

pears that the things they complain of have a direct bearing on the value. If fruit trees on the land are thrifty and produce fruit in great quantity and of good quality, the land is worth more than if the trees were weak and less productive, or produced fruit of inferior quality. Like other property, the value of land is more or less affected by the profit which has been derived therefrom, though, of course, in a developing country, it is true, that prospective capabilities of land will have considerable influence in determining its value. Conditions, circumstances and surroundings which exist and have existed, character of soil and other like conditions, have some bearing in determining what may be the future capabilities. The source of the water right was a small creek. If there was always enough water in the creek, when needed, to supply the full amount of the appropriation, the water right was worth more than it would be if, at times, the owner had to be satisfied with a less amount than the appropriation. It is true that the town was condemning the right to an amount of water as fixed by the decree, but the decree itself did not supply the water necessary to fill it when needed. Hence, evidence of how much water was supplied to the ditch during the irrigation season was competent. Some of the witnesses testified that a large part of the land was rough and rocky, that it was badly washed in places and that it was inconvenient to get to and from it. Can it be said that such conditions will not affect its value, present or prospective? It is thus seen that all this evidence complained of has a bearing on the value of the property taken. It is to be remembered that in this case, not only is compensation for the property taken to be awarded, but also damages to the property not taken. In such a case, a wide range of evidence is admissible. All evidence having a bearing upon the

compensation and damages to be awarded is admissible.—*Colo. M. Ry. Co. v. Brown*, 15 Colo. 193.

"All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value. Of course circumstances and conditions tending to depreciate the property are as competent as those which are favorable."—2 Lewis on Eminent Domain, § 478.

The admission of the valuation made by the assessor cannot reasonably be held to have been prejudicial. In effect, the assessor said he did not know what he valued, and that he did not know what the land was worth. It is clear that the valuation was a mere setting down of figures without any basis of value. Besides the valuation was evidently introduced in an attempt to show an expression of the owner in regard to it, which attempt was an evident failure on the part of the town. It is difficult to see how, under such circumstances, the assessor's valuation could have influenced the commissioners one way or the other. It is objected that a witness testified that he offered the owner $2,000.00 for the land without the water right. Reference to the particular folio of the abstract mentioned in the brief and assignment of errors discloses the testimony now objected to. It does not appear at that place that the testimony was objected to at the time, nor that any motion was made to strike it out, if it was not anticipated by a question.

The commissioners, in this case, filed with the clerk of the court their certificate of their ascertainment and assessment of the damages and compensation to be allowed the owner as provided in sec. 6 of the act.—Sec. 2420, Rev. Stats. Thereupon, the owners filed what will be regarded as a motion to vacate and set aside the award of the commissioners.

The court overruled this motion and in the same order adjudged that upon paying into court the amount of the award within ninety days, the town was authorized to take possession of the water right, and that upon such payment, the town would become vested with the title to the same.   The owners complain of this form of judgment and say that the court acted in excess of its authority.   It is true that the statutes do not provide for this kind of a judgment upon a certificate of commissioners.   Sec. 11 (§ 2425, Rev. Stats.) provides for a conditional judgment upon the verdict of a jury when a jury acts.   Sec. 6 (§ 2420, Rev. Stats.) provides that the court, upon a certificate of the commissioners, or a verdict of the jury, and proof of the payment of the compensation, may make and enter a rule containing certain matter provided for in the statute, and upon the entry of such rule, the petitioner shall become seized in fee of the property taken.

In *Denver & N. O. R. R. Co. v. Jackson,* 6 Colo. 340, it was determined that sec. 13 of the Eminent Domain Act, sec. 2427, Rev. Stats., gives either party a right to a review of the proceedings, either by appeal or by writ of error, upon final determination in the court below, and that sec. 6 (§ 2420, Rev. Stats.) "clearly indicates what shall be the end of the proceedings where the compensation is assessed by commissioners, provided the money is paid, and no appeal is taken or writ of error issued."   Such end indicated in sec. 6 is the entry of the rule above mentioned.   It was further determined in that case that "when the commissioners have filed with the clerk their certificate of 'ascertainment and assessment,' and the court or judge has denied the motion of petitioner or respondent, as the case may be, to vacate and set aside the same, there is such a final determination as, under the statute, entitles him to

his appeal or writ of error," and that when the court or judge has overruled such motion, his power is exhausted until the award or price determined is paid into court, and that when it is so paid, the court or judge must enter the rule, unless under sec. 14 (§ 2428, Rev. Stats.) it is paid to enable the petitioner to obtain possession of the property pending the review. It is clear, under these sections and the opinion of this court aforesaid, that when the lower court overruled the motion to vacate the award of the commissioners, the owners then had the right to appeal this case, and the court had no authority to enter the conditional judgment which it did. When the right to exercise the right of eminent domain is settled, it is clearly shown in the opinion in the 6th Colo., that the determination of the price to be paid is the principal object of the proceedings. As a matter of fact, this appeal is not from the so-called conditional judgment, but from the award of the commissioners, approved by the court in overruling the motion to vacate the same. The amount of the price to be paid, as fixed, is all that is assailed. The matter complained of in the judgment was without any effect. The award was not affected by it one way or the other. The parties are in precisely the same position as they would be if the court had simply overruled the motion to vacate the award of the commissioners and then stopped. The matter complained of in the judgment could not and did not prejudice the owners in any way whatever.

It is apparent from this record that about all the evidence available, bearing upon the value of the water right and the consequent damage to the land, was presented to the commissioners. Some of it was favorable, some unfavorable to the contention of appellants. In addition, the commissioners viewed the premises. The court below also passed upon and

approved their award. It does not appear that any injustice was done, nor does it appear that any prejudicial error was committed. Under such circumstances, the compensation to be paid by the town, as fixed by the commissioners, should be, and is, affirmed.                                                        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.