No. 15,813.

McNULTY *v.* BOBSON ET AL.

(187 P. [2d] 590)

Decided November 24, 1947.

Mr. FRANK DELANEY, Mr. WILLIAM J. MEEHAN, for plaintiff in error.

Mr. ALLYN COLE, Mr. BRUCE COLE, for defendants in error.

Mr. Justice Hilliard delivered the opinion of the court.

An action in eminent domain. Plaintiff in error was petitioner below, and defendants in error were respondents. The right of petitioner to take the land involved for a reservoir site was preliminarily presented and resolved in his favor; and pursuant to an appropriate order on showing, the sum of four hundred thirty and 85/100 dollars, made up of items, was paid into the registry of the court, predicated whereon petitioner was permitted to take "immediate possession," etc. Subsequently, in a trial to a jury for the purpose of determining "proper compensation to be paid," respondents were awarded one thousand nine hundred thirty dollars, itemized and apportioned to the two respondents, in which sum judgment was given. The judgment is challenged variously, and points which we believe have merit, will be identified and determined as we proceed.

The first specification has to do with instruction No. 9, the background of which is the evidence of two witnesses, near-by residents and landowners, who testified that recently they had purchased like lands in the same general locality, one of them having paid ten dollars per acre, the other eight dollars per acre for the same. These lands adjoined the tract of which the proposed reservoir site is part. The same witnesses appraised the value of the land being taken at ten dollars per acre. Their competency to testify of the sales mentioned, and otherwise as to the value of the lands being subjected to the proceeding, was not questioned, and, our decisions respected, likely could not successfully have been attacked. *Wassenich v. Denver,* 67 Colo. 456, 186 Pac. 533; *Loloff v. Sterling,* 31 Colo. 102, 71 Pac. 1113. Other witnesses testified that the land being taken was of greater value than ten dollars per acre, but none other

gave testimony relative to actual sales of other lands. As to one respondent, the land taken comprised twenty-eight acres, plus, which the jury appraised at about thirty-five dollars per acre, or $1,000.00, and four acres, plus, at about twenty-five dollars per acre, or $100.00. The remaining sum of the award, or $830.00, was for damage to remaining land of the tract bearing the heavier burden.

With the foregoing in mind, we set forth the challenged instruction. It reads: "You are entitled to consider evidence as to the price obtained in the sale of other lands of a similar character in the same general community in order to arrive at the value of the land sought to be condemned in this case, but you are not bound to act upon that evidence alone and you ought not to act upon such evidence alone, but in connection with all the other evidence in the case. The owner of the land which the evidence shows was sold, had the right, if he wished, to give the land away or sell it for what it was worth or less than it was worth, or more than what it was worth, if he could get it, and so the pirce obtained for other lands is only an item of evidence in arriving at what you believe from the whole evidence, to be the actual value or the actual market value of the property now in question." By the terms of the instruction, one item of competent evidence adduced by petitioner, and received on the question of the value of the land sought to be condemned, was singled out by the court for special comment. The comment, fairly appraised, was in minimization of that particular evidence, not more to be criticised, of course, than had it been in maximization thereof. The vice of the instruction is, that, "it singles out parts of the evidence which properly must be considered in its entirety." *Denver v. Lyttle*, 106 Colo. 157, 103 P. (2d) 1. See, also, *Denver v. Quick*, 108 Colo. 111, 113 P. (2d) 999. Both the cited cases were condemnation proceedings. Respondents cite *West v. Milwaukee, L. S. & W. Ry. Co.*, 56 Wis. 318, 14 N.W. 292.

The situation there, as our study convinces, was strikingly different from that in the case before us, and, moreover, the instruction of respondents' reliance given there is of doubtful soundness in any event. There, West, endeavoring to show the value of certain of his land which the railroad company was condemning, testified that he had made sale of an adjoining tract of his own land to a private party, and stated the price he received for it. The implications there, absent here, appear on the face of the instruction. The instruction, italicized as reported, reads as follows: "You are entitled to consider, *and must and should consider,* what *Mr. West* sold the adjoining tract for, the tract to Angus Smith, and the price he got for it; but you *are not bound to act upon that alone,* and you ought not to act upon that alone, but in connection with the other evidence. *Mr. West* had the right, if he wished, to give that land to the railroad company, or sell it for what it was worth, or less than it was worth, or more than it was worth, if he could get it, so what he got for that land is not binding upon you for the price to be fixed by you upon this property, but only as an item of evidence arriving at what you believe from the whole evidence to be the actual value or the actual market value of the property now in question." There, as is evident, the landowner sought to establish the value of his land that the railroad was taking, by showing the price he had received for an adjoining plot of the same tract. The court there felt justified in cautioning the jury to the effect that possibly West had made a "friendly" sale to Angus Smith, and, maybe, *received* "more than it was worth." In other words, all the evidence of value there, so far as appears, came from West himself, and pertained to plots of his own land. Even so, as we think, under our practice no such instruction would be approvable. Besides, here the evidence concerned sales of similar lands in the same community, in which petitioner was not interested, and concerning the sale price of which, others, not he,

gave the testimony. The implications of the questioned instruction in relation to the particular testimony immediately under consideration, as we conclude, well may have influenced the jury's appraisement of value, to the material injury of petitioner.

The second specification involves the refusal of the court to give requested instruction No. 13. Considering the instructions that were given, and omitting detail of statement, we are not disposed to hold the court erred in refusing the proposed instruction.

The third and fourth specifications present the competency of two of petitioner's witnesses to testify concerning the value of the lands sought to be taken. One of them had been county commissioner of the county of the situs, and was county assessor of the county for the years 1940, 1941 and 1942. He testified that he was acquainted with the lands involved, knew generally of the value of lands in the county, and the price trends. During the years he was county assessor, as he further testified, he had had occasion to investigate the valuation of all lands in the county, and based upon that experience he had an opinion as to the value of the lands being condemned. On the theory that the witness was not qualified to testify on the point, the court refused to permit him to give his opinion in the premises. The other witness was the current assessor of the county, who, in connection with his official duties, had investigated and considered the valuation of lands in the county, was familiar with the lands involved, and based upon his observations, and information he had acquired and used in arriving at land values generally, he had an opinion as to the value of this land, and was prepared to testify thereto; but, as in relation to the other like witness, the court ruled that he was not competent to express such opinion. "The value of property must necessarily be a matter of opinion, and is, therefore, always somewhat speculative." *Colorado M. Ry. Co. v. Brown*, 15 Colo. 193, 25 Pac. 87. In relation to the competency

of a witness in that regard, "It must appear that he has some peculiar means of forming an intelligent and correct judgment as to the value of the property in· question, * * * beyond what is presumed to be possessed by men generally. These peculiar means may consist in [an extended list of situations] * * *. One who has been an assessor, and whose duties require him to assess the property in question and other property in the neighborhood, is competent to give an opinion." 2 Lewis Eminent Domain (3d ed.), p. 1127, §656. Considering that in any event the value of the property is a "matter of opinion, * * * always somewhat speculative," as we said in *Colorado M. Ry. Co. v. Brown, supra,* the logic of the situation here leads us to conclude that the two witnesses under consideration were qualified above many, perhaps any, to form a fair estimate of the value of the property involved. In addition to the fact, that, proceeding in the public interest, it is the duty of a county assessor to assess all property at its full value ('35 C.S.A., c. 142, §2), he proceeds thereto sobered by an official oath. What we have just remarked is not equivalent to saying that the estimate of such a witness is conclusive, or that he is not subject to cross-examination, or that his testimony may not be attacked and criticised in argument, or that the jury shall do other than consider it along with all other competent evidence, as they take up the task of determining the value of property, of which, in the exigency of an imperative need, as here, one man must suffer divestment of title, and for which another must make compensation. Neither, of course, does it mean that the testimony of such a witness should be specially mentioned in the court's instructions. In that particular, as perhaps it is unnecessary to state, the rule we announced in our discussion of instruction No. 9, earlier in this opinion, is applicable. We regard *Denver v. Lyttle, supra,* cited by respondents to the question of the competency of these witnesses, as distinguishable.

In another specification petitioner complains. that the

court struck from his petition description of additional land which he had alleged was required as a way of necessity to and from the contemplated reservoir. Respondents urge that by the course of petitioner in the matter of procedure, he has waived the right to have the court pass upon his claim to condemn land for the way. We are not prepared to gainsay that contention; but since there is to be a new trial, we venture the suggestion that the trial judge give earnest consideration to the thought, if there shall be request therefor, of allowing an appropriate amendment in the matter. In the event of the allowance of the amendment, the court, proceeding in the light of its terms and the evidence received in relation thereto, and freely, will make original determination as to the legality of the claim.

All other contentions advanced by plaintiff in error are properly referable to the new trial, uninfluenced by anything occurring in relation thereto at the former hearing, or stated by us on this review.

The judgment is reversed and the cause remanded.

MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.